KENNEDY *v.* THE STATE.

May Term,
1855.

KENNEDY
v.
THE STATE.

6  485
154  649

Indictment, charging the prisoner, *Thomas Kennedy*, with murder in the first degree. Verdict, "We, the jury, do say and find that *Thomas Kennedy* is guilty, in manner and form as he stands charged in the indictment, and that he shall be imprisoned in the state prison, and kept at hard labor during life." The act of 1843, in force when the verdict was rendered, provided, that upon an indictment for murder in the first degree, the jury might find the defendant not guilty of the crime in the degree charged in the indictment, and might find him guilty of such murder in the second degree; or they might find him guilty of manslaughter. *Held,* that the verdict showed, with sufficient certainty, that the prisoner was found guilty of murder in the first degree.

When, under the act in question, the jury, under a single count charging murder in the first degree, find the prisoner guilty of murder in the second degree, the verdict should specifically name the offence of which he is found guilty.

APPEAL from the *Hancock* Circuit Court.

Friday,
June 15.

DAVISON, J.— Indictment, containing a single count, charging murder in the first degree. Verdict, "we, the jury, do say and find that *Thomas Kennedy* is guilty in manner and form as he stands charged in the indictment, and that he shall be imprisoned in the state prison and kept at hard labor during life." Motions for a new trial and in arrest were denied, and judgment given on the verdict.

An act in force when this verdict was rendered, provides, that "upon an indictment for murder in the first degree, the jury may find the defendant not guilty of the crime in the degree charged in the indictment, and may find him guilty of such murder in the second degree; or they may find him guilty of manslaughter." R. S. 1843, p. 988, s. 14. From this it will be seen that an indictment for murder in the first degree, is, under the above provision, really an indictment for one of three distinct crimes. Hence it is contended that the verdict in this case is bad for uncertainty; that it should have designated the crime for which the defendant was found guilty, in order that the Court might know of what offence he was convicted.

It has been decided that "when there are several counts in an indictment, charging different grades of the same offence, with punishments differing in degree only, but of the same nature, and the jury return a general verdict of guilty, the judgment will not be arrested. * * * That on the trial of an indictment containing two counts—one for murder and the other for manslaughter—and a general verdict of guilty found by the jury, the defendant would be punished for the higher grade of offence, for the reason that the jury having found the defendant guilty generally, the presumption of law is, that they intended to find him guilty of the highest offence with which he was charged in the indictment; murder and manslaughter being the same species of crime, to-wit, homicide, but differing only in the degree of guilt." *The State* v. *Downer*, 8 Verm. R. 424.—*The State* v. *Hooker*, 17 *id.* 658.—*Bulloch* v. *The State*, 10 Georgia R. 46.

So it has been held that each count in the indictment is a substantive charge, and if the finding conform to any one of them which in itself will support the verdict, it is sufficient to give judgment. *The United States* v. *The Pirates*, 4 Peters' Cond. R. 636.

These decisions, it is true, relate to indictments which actually contained two or more counts. Still, however, they are applicable to the case before us, because the present indictment, though it contains a single count, in effect embraces three, viz., a count for murder in the first degree, for murder in the second degree, and for manslaughter; the two last by force of the statute.

Besides, the statute itself seems to point out the duty of the jury when the evidence, though sufficient to prove the crimes of murder in the second degree or manslaughter, falls short of establishing the guilt of the defendant as he is specifically charged in the indictment. When this occurs, the verdict would be defective unless it named the offence; because, in such case, the record would contain no express designation of the crime of which the defendant was convicted. But in the verdict under consideration we perceive no want of certainty. The jury "find

the defendant guilty in manner and form as he stands charged." This evidently refers to the specific charge contained in the indictment. Of what, then, does he stand charged? Why, of murder in the first degree. There is, indeed, no ground of objection to the verdict.

*Per Curiam.*—The judgment is affirmed with costs.

*T. D. Walpole, R. L. Walpole* and *R. A. Riley*, for the appellant.

*D. S. Gooding*, for the state.