Nov. Term,
1858.

FROLICH
v.
THE STATE.

(1)  *Ante,* ———.

(2)  Mr. *Harrington,* for the appellees, cited the following authorities:

The defendants might object, *ore tenus,* to the issuing of a peremptory writ of mandate, which would raise the main question in this case, or the question might be raised upon a demurrer to the alternative writ; for if that writ is insufficient, no peremptory mandate could issue.  13 Wend. 130.  Upon demurrer by the relator to the return, the defendants may object to any substantial defect in the alternative writ; and so, if issues of fact have been joined, objection of substance can be made, and the relator defeated, at any time before the peremptory writ is actually issued.  *Commercial Bank of Albany* v. *Canal Co.,* 10 Wend. 25.—*The People* v. *The Supervisors, &c.,* 14 Barb. (*N. Y.*) 52.—15 *id.* 608.—4 Hill, 581.  The Court will not, by mandamus, attempt to control a discretion given by law to a public officer; but if he refuses to act at all, it will put him in motion, and yet leave him the free use of his discretion.  *The People* v. *The Supervisors, &c.,* 14 Barb. *supra.*—12 Johns. 414.—19 *id.* 259.— 20 Wend. 658.—1 Denio, 679.

---

## FROLICH *v.* THE STATE.

Where there are several counts in an indictment, charging different grades of the same offense, the penalties for which, differ in degree, but are of the same nature, and the jury return a general verdict of guilty, the judgment will not be arrested.

It is not necessary that the verdict, in such case, should designate the degree of crime of which the defendant is found guilty; for by their general verdict the jury find him guilty of the highest degree charged.

APPEAL from the *Montgomery* Circuit Court.

WORDEN, J.—The appellant was put upon trial, on an indictment containing two counts.  The first count charged him with an assault and battery upon one *Reuben Taylor,* with intent, purposely, and with premeditated malice, feloniously to kill and murder the said *Taylor.*  The second count charged him with an assault and battery upon said

*Friday,
December 3.*

*Taylor*, with intent, feloniously, purposely, and maliciously to kill and murder him.

The following verdict was returned, viz.:

"We, the jury, find the defendant guilty of an assault and battery with intent to commit murder, as charged in the indictment, and assess his punishment to serve two years in the state prison, and assess a fine of one cent. *Henry Huffman*, Foreman."

A motion in arrest of judgment was made and overruled, and judgment entered on the verdict. Exception was taken to the ruling.

The motion in arrest was predicated upon the insufficiency of the verdict, which is alleged to be defective—

1. For not specifying on which count the defendant is found guilty.

2. Because it is ambiguous and uncertain, not finding the defendant guilty of any offense, there being no such crime as murder, merely, known to the law.

In the case of *Kennedy* v. *The State*, 6 Ind. R. 485, it was held that where there are several counts in an indictment, charging different grades of the same offense, with punishments differing in degree only, but of the same nature, and the jury return a general verdict of guilty, the judgment will not be arrested; that on the trial of an indictment containing two counts, one for murder, and one for manslaughter, if a general verdict of guilty be found by the jury, the defendant would be punished for the higher grade of offense, for the reason that the jury having found the defendant guilty generally, the presumption of law is, that they intended to find him guilty of the highest offense with which he was charged in the indictment—murder and manslaughter being the same species of crime, to-wit, homicide, but differing only in the degree of guilt.

This principle is clearly applicable to the case at bar. The crimes charged in the two counts differ only in degree. The one count charges an assault and battery with intent to commit murder in the first degree; and the other, an assault and battery upon the same person with intent to commit murder in the second degree; and in accordance

with the authority cited, we must presume the jury intended to find the defendant guilty of the higher crime.

With this view of the law, the verdict is equivalent to finding the defendant guilty of assault and battery with intent to commit murder, as charged in the first count of the indictment.

We are of opinion that the verdict is sufficiently explicit and certain to warrant the judgment. It is true, the verdict does not, in terms, specify the degree of murder which the defendant intended to commit; but that was not at all necessary. If the defendant was guilty of assault and battery with intent to commit murder, as charged in the first count of the indictment, he was guilty of an intent to commit murder in the degree charged in that count, which was the first degree.

It is insisted that there is no such crime known to our laws, as murder, merely, without any designation of degree, and, therefore, that the verdict does not find the defendant guilty of any offense whatever. But, as before remarked, we think a verdict finding the defendant guilty of an intent to commit murder, as charged, carries with it necessarily, the implication that he is guilty of an intent to commit the crime in the degree charged.

*Per Curiam.*— The judgment is affirmed with costs. Cause remanded, &c.

*L. Wallace*, for the appellant.