RICHIE v. THE STATE.

CRIMINAL LAW.—*Rape.—Impeachment.—Chastity of Woman.*—On the trial of a defendant indicted for rape, evidence is inadmissible, for any purpose, that the prosecuting witness, prior to the commission of the alleged rape, had, for hire, had sexual intercourse with a third person.

SAME.—*Instruction to Jury.—Assault and Battery.*—Under an indictment for rape, the defendant may be found guilty of assault and battery only; and an instruction, asked on the trial of such prosecution, that, if they had a reasonable doubt, as to whether or not the prosecuting witness had used all reasonable efforts to resist the sexual act, they should find the defendant " not guilty," should be refused.

SAME.—*Weight of Evidence.—Statements out of Court.*—An instruction to the jury, asked in such case, that, if the prosecuting witness had stated out of court, that the prosecution had been instituted to make money, they should find the defendant "not guilty," is one relating to the weight that should be given to the evidence, and should be refused.

Richie *v.* The State.

SAME.—Where the substance of an instruction asked and refused is covered by one given, there is no available error in the refusal.

SAME.— *Waiver.—Supreme Court.*—The failure of counsel to discuss in his brief, on appeal to the Supreme Court, an error assigned on behalf of his client, is a waiver of such error.

SAME.—*Newly-Discovered Evidence.*—The affidavit of one used as a witness on the trial of a criminal prosecution, that, had certain questions been asked of the witness, certain material evidence would have been, and on a new trial will be, given, is not sufficient to support a motion for a new trial, on the ground of newly-discovered evidence.

SAME.—The performance of the sexual act, even with the consent of the woman, may be so brutal on the part of the man, as to amount to an assault and battery.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, C. J.—Prosecution for a rape. The charge is stated in the indictment as follows:

" That Richard Richie, late of said county, on the 31st day of July, 1877, at said county and State aforesaid, did then and there unlawfully, in a rude and insolent manner, touch, strike and wound Martha F. Dean, a woman, and did then and there, her, the said Martha F. Dean, a woman, unlawfully, forcibly and against her will, feloniously ravish and carnally know."

A motion to quash the indictment was overruled, and exception reserved. Plea, not guilty; trial by jury; verdict, guilty; fine, two hundred dollars; motion for a new trial overruled; exceptions; judgment; appeal.

Overruling the motion to quash the indictment is not insisted upon as error by the appellant, or rather is waived, and we think very properly. The indictment is good.

1. The first ruling in the order of the trial, which is insisted upon as error, is the rejection of certain evidence. The appellant offered to prove by John Fock, that, on the Sunday night before the alleged commission of the offence charged, he slept with the prosecuting witness, and had sexual intercourse with her, and paid her for the services

of her person on that occasion. The evidence was rejected. This ruling is right. The fact offered to be proved neither tended to justify nor excuse the appellant, and was not the proper method to impeach the prosecuting witness.

2. The appellant asked the court to instruct the jury as follows:

"8. Before the defendant can be found guilty, you should believe, beyond any reasonable doubt, that the prosecuting witness used all the reasonable efforts she could to prevent the commission of the offence, and if aid was present or in hearing distance, it was her duty to call for such aid, and if there were persons sleeping in the same room, and she failed to alarm them, or if they were aroused and she advised them to say nothing about it, or if she talked about the sexual intercourse, soon after it took place, in a jocular manner, and complained that she had not been paid by the parties accused for such sexual intercourse, any of these facts, if they are shown to exist, would tend to raise such reasonable doubt as would entitle the defendant to an acquittal.

"9. Or, if you believe from the evidence, that the prosecuting witness has made statements out of court, to the effect that she concocted this prosecution for the purpose of making money out of it, you should find the defendant not guilty."

The court refused to give these instructions to the jury, and the appellant excepted.

There is no error in these rulings. Admitting that the instruction numbered 8 could have been properly given, if the jury could not have found the appellant guilty of any offence except rape, it is inapplicable in a case wherein the jury might find him guilty of an assault and battery only, as they might do, and have done in this case.

The instruction numbered 9 could not have been properly given in any case. It instructs the jury as to the

weight of evidence, a question which they alone can properly decide. Besides, the instructions given by the court, on its own motion, correctly covered the ground attempted to be embraced in instructions numbered 8 and 9, which were refused as above.

3. The appellant excepted to the giving of instructions numbered 1, 2, 3, 4, 5, 13 and 14, by the court, but has not discussed any one of them in his brief. We think they were properly given.

4. Newly-discovered evidence is made one of the grounds of the motion for a new trial, under which the appellant filed the affidavit of Martha Kenton, as to what she would testify to, if she was questioned. The ground laid is wholly insufficient. The witness had been examined on the trial, and submitted to the test of a cross-examination on behalf of the appellant, the testimony of which covers ten pages of printed matter, and includes all the ground stated in her affidavit. Besides, the facts constituting due diligence on the part of the appellant are not shown. *Reno* v. *Robertson,* 48 Ind. 106. The evidence shown in the affidavit is merely cumulative. *Zouker* v. *Wiest,* 42 Ind. 169. The evidence is so unsubstantial, that there is not the least likelihood that it would change the verdict on another trial. *Hull* v. *Kirkpatrick,* 4 Ind. 637; *Simpson* v. *Wilson,* 6 Ind. 474; *Bronson* v. *Hickman,* 10 Ind. 3; *Harris* v. *Rupel,* 14 Ind. 209.

5. It is urged on behalf of the appellant, that he could not, under the indictment, be convicted of any offence except that of rape. And, not having been convicted of rape, the verdict should have been not guilty. The law is otherwise. Every charge of rape necessarily includes a charge of assault and battery, and, under a charge of rape, the jury may find a defendant not guilty of that offence, and guilty of an assault and battery. *Rose* v. *The State,* 33 Ind. 167; *Mills* v. *The State,* 52 Ind. 187.

6. Lastly, the defendant's counsel insists, that the evidence does not support the verdict; that, as the rape was

not proved, because it does not appear that the carnal knowledge was not against the will of the prosecutrix, the sexual commerce, not being against her will, could not therefore be an assault and battery. A woman may consent to the sexual act, yet the man who performs it may treat her so roughly, and in so rude and insolent a manner, and so scandalously abuse her in the performance of the act, as to commit thereby an assault and battery. In this case the evidence shows that the appellant, in company with three other men, several of them, if not all, intoxicated, bent on a common purpose, entered the house of the prosecutrix, late at night, after she had gone to bed with her children in the same room, and, in a rude, insolent and beastly manner, performed the sexual act upon her six or seven times, in common, with the knowledge and in the presence of each other, on a trundle bed, in which at the same time lay her little daughter, nine years old, awake. No abuse could be more brutal or disgusting. We think it amounts to an assault and battery, and deserves severe punishment. It is true, the evidence shows that the woman was a prostitute, and no doubt was willing to engage in the sexual act; but it also shows that the low, gross and rough usage inflicted upon her in the presence of her child was resisted by her, and was wholly against her consent. The statement of the little girl is convincing as to these facts. Indeed, there is but little controversy in the evidence as to the main facts; the appellant and his comrades, in their testimony, admit the same facts as those testified to by the prosecutrix, except as to the degree of force and brutality used upon her.

There is no error in the record.

The judgment is affirmed, with costs.