## RICHIE v. THE STATE.

PRACTICE.—*Misconduct in Argument.*—Misconduct of the prosecuting attorney in the argument, on the trial of a criminal action, in improperly commenting upon the verdict in another action, falls within the first statutory cause for a new trial; but where no objection is made at the time to the course of counsel in the argument, and the circumstances are not disclosed by the record, the Supreme Court can not determine, that the defendant was thereby prevented from having a fair trial.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

*C. A. Buskirk*, Attorney General, and *F. M. Householder*, Prosecuting Attorney, for the State.

PERKINS, J.—This was an indictment of Joseph Richie, charging him with the commission of a rape upon the body of Martha F. Dean.

He was convicted of an assault and battery, and fined sixty dollars.

Richie *v.* The State.

Every material point arising in this case, except two, is decided in the case of *Richard Richie* v. *The State*, 58 Ind. 355.

The points in this case not decided in that are these: The appellant alleges in his motion for a new trial, that counsel for the State, in the present case, in his argument, commented upon the verdict of guilty in the case of Richard Richie. This is matter falling within the first provision of the statute relative to the granting of new trials, viz.: " Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion, by which the party was prevented from having a fair trial." 2 R. S. 1876, p. 179.

The court overruled the motion for a new trial, perhaps, because it did not concede the truth of the statement in the motion. But, if that concession was made, still this court can not say the court below erred in overruling the motion, so far as this cause for a new trial was concerned. No objection was made at the time to the course of counsel in the argument; the circumstances are not disclosed; counsel for the State may have been replying to comments on the verdict by counsel for the defence.

We can not say that there was " an abuse of discretion," preventing a fair trial.

The second point. The persons who committed the offences upon Martha F. Dean first visited the house of Mrs. Kenton. She testified, without objection, to the boisterous conduct of the persons while there, and to her preparation to leave and retire to a neighbor's, for fear of them. After this testimony had been given, counsel asked her why she left her house that evening. Defendant objected to the question. She answered, as she had previously stated, that it was on account of fear of the men.

If any error of law is here shown, it was a harmless one. No ground for a new trial appears.

The judgment is affirmed, with costs.