No. 10,286.

ROSE v. THE STATE.

CRIMINAL LAW.—*Assault and Battery with Intent to Murder.—Conviction.— Verdict.—Presumption.*—Upon the trial of an information charging an assault and battery with intent to murder (R. S. 1881, section 1909), a verdict: "We, the jury, find the defendant guilty, and assess his fine

at $275, and that he be imprisoned in the county. jail three months," must be deemed a conviction of the highest offence charged.

SAME.—*Presumption of Minority.*—In such case the presumption of defendant's full age will be deemed met and overcome, in aid of the verdict, by the counter presumption of minority afforded by section 258, Acts 1881, p. 164 (R. S. 1881, section 1833), and by the presumptions in favor of the action of the jury, and of the court pronouncing the judgment.

VERDICT.—*Intendments.*—All reasonable intendments will be made in favor of a verdict.

SAME.—*Judgment.*—No valid judgment can be rendered upon a verdict which is radically defective.

From the Wayne Circuit Court.

*H. C. Fox* and *W. A. Bickle,* for appellant.

*D. P. Baldwin,* Attorney General, *C. E. Shively,* Prosecuting Attorney, and *H. U. Johnson,* for the State.

ELLIOTT, J.—The information upon which the appellant was tried and convicted charges him with an assault and battery with intent to murder. The verdict returned by the jury reads thus: " We, the jury, find the defendant guilty and assess his fine at $275, and that he be imprisoned in the county jail three months." The appellant moved for a *venire de novo,* to set aside the verdict upon the ground of uncertainty, and in arrest of judgment. These motions were overruled and exceptions properly reserved.

It is undoubtedly the law that where a verdict finds a defendant guilty in a case where the indictment charges an offence involving minor ones, and does not specify the particular offence, it will be deemed a finding of guilty of the highest offence charged. *Kennedy* v. *State,* 6 Ind. 485; *Frolich* v. *State,* 11 Ind. 213.

The verdict in this case must be regarded as finding the appellant guilty of the highest offence charged in the information.

It is true that a judgment must follow the verdict. It is also true that if the verdict be radically defective no valid judgment can be rendered upon it.

A jury can not impose a punishment not warranted by

law. *Veatch* v. *State*, 60 Ind. 291. The punishment prescribed in the section of the statute defining the crime of which appellant was found guilty does not provide for any such punishment as that named in the verdict. If the case is governed exclusively by the provisions of that section, and no others are to be looked to, the verdict must be held bad, for it prescribes a punishment for which the law supplies no warrant, and will not furnish support for a valid judgment.

We have a statute which provides that " When any person under the age of twenty-one years shall be convicted of any crime the punishment for which is imprisonment in the State prison, imprisonment in the county jail for any determinate period may be substituted." Acts 1881, p. 164. There is, therefore, a statute authorizing such a verdict as that rendered, provided the age of the accused can be presumed to be such as to bring the case within the statute. We are not disposed to encroach upon the rule that all persons are presumed to be of full age until the contrary appears. Fully recognizing the existence of this presumption we think it is here met and overcome by counter presumptions.

It is settled that all reasonable intendments will be made in favor of the verdict. *Lyons* v. *People*, 68 Ill. 271; *People* v. *McCarty*, 48 Cal. 557; *Schoonover* v. *State*, 17 Ohio St. 294, 1 Bish. Crim. Proced., section 1005. There is a statute authorizing such a punishment as that inflicted by the jury, and it seems to us that it is reasonable to presume, in the absence of anything to the contrary, that the jury did not go beyond the law, but kept within it, and assessed the punishment because they found the case to be within the statute.

We have considered one presumption which confronts that of full age. There is another. It is a rule of almost every day application, that all reasonable presumptions will be made in favor of the action of the trial court. This requires us to presume that the verdict was upheld because the court found it to be within the statute. It would be unreasonable to presume, in the face of the statute referred to, that the court

pronounced judgment upon a verdict not warranted by law. As nothing appears showing that the appellant was without the statute because of age, we must hold that he was within it; otherwise we must strike down a verdict and a judgment upon a mere rebuttable presumption, and that, too, where two of equal or greater strength are arrayed against it.

We do not deem it necessary to enquire whether this case is or is not within the rule laid down in *Hoskins* v. *State*, 27 Ind. 470, or whether that case asserts a correct doctrine. It was there held that a verdict upon an indictment charging grand larceny, which found the accused guilty without specifying the offence, but assessing the punishment for petit larceny, was valid, for the reason that it should be regarded as finding him guilty of petit larceny, and for the further reason that the accused was not prejudiced, because the punishment was less than that prescribed by law.

Judgment affirmed.