OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1888, IN THE SEVENTY-
THIRD YEAR OF THE STATE.

| | |
|---|---|
| 116 | 169 |
| 127 | 565 |
| 116 | 169 |
| 132 | 317 |
| 116 | 169 |
| 134 | 8 |
| 116 | 169 |
| 140 | 375 |
| 141 | 151 |
| 116 | 169 |
| 147 | 48 |

No. 13,395.

### McCLURE v. THE STATE.

CRIMINAL LAW.—*New Trial.—Certain Causes for to be Sustained by Affidavit.* —" Newly discovered evidence " and " accident and surprise," when assigned as causes for a new trial in a criminal case, must be sustained by affidavit showing their truth, the same as when assigned in a civil case.

SAME.—*Affidavits.—Making Part of Record.—Bill of Exceptions.*—Where there is no reference in the motion for a new trial to any affidavits in support thereof, and affidavits are not filed until after the filing of the motion, they do not constitute a part of the record on appeal to the Supreme Court unless they are made such by a bill of exceptions or by an order of the trial court.

SAME.—*Error Must be Affirmatively Shown.—Presumption.*—Unless the record affirmatively shows that a ruling of the trial court was erroneous, it will be presumed that it was right.

From the Knox Circuit Court.

*J. S. Pritchett, J. Keith* and *J. E. Keith,* for appellant.

*J. C. Adams,* Prosecuting Attorney, for the State.

HOWK, C. J.—In this case the indictment charged that the defendant, John McClure, " on the 5th day of June, 1887,

at the county of Knox, in the State of Indiana, did then and there unlawfully and feloniously make an assault in and upon one Cora Frazo, a female child then and there being under the age of twelve years, to wit, of the age of eleven years, and did then and there unlawfully and feloniously ravish and carnally know her, the said Cora Frazo, contrary to the form of the statute," etc.

On defendant's arraignment and plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding him guilty as charged in the indictment, and assessing his punishment at imprisonment in the State's prison for the period of eight years. Over his motions for a new trial and in arrest, the court rendered judgment on the verdict.

Errors are assigned here by defendant which call in question the overruling (1) of his motion for a new trial, and (2) of his motion in arrest of judgment.

In the motion for a new trial a number of causes therefor were assigned by defendant; but, in their brief of this cause, his counsel chiefly rely upon the *third* and *fourth* of these causes for the reversal of the judgment below. These causes were assigned as follows:

" 3d. Newly discovered evidence, material to this defendant, which he could not, with reasonable diligence, have discovered and produced at the trial of this cause.

"4th. Accident and surprise which ordinary prudence could not have guarded against."

These causes for a new trial, in criminal prosecutions, are specified in the *eighth* and *sixth* clauses of section 1842, R. S. 1881, and are mentioned as causes for granting a new trial in civil actions, in the *seventh* and *third* clauses of section 559, R. S. 1881. As causes for a new trial in civil actions it is provided in section 562, R. S. 1881, that they " must be sustained by affidavit showing their truth;" but, when they are assigned as causes for a new trial in criminal cases, there is no section or clause of our criminal code which, in terms, re-

quires that they, or either of them, must be sustained by affidavit showing their or its truth.

Sections 559 and 562, *supra*, are almost literal re-enactments of section 352 and 355, respectively, of the civil code of 1852, and have been in force as a part of the law of this State continuously since May 6th, 1853. But section 1842, *supra*, is new legislation, and, in its present form, has been in force only since September 19th, 1881, as a part of our criminal code. It is wholly different in most of its provisions from section 142 of the criminal code of 1852, prescribing the causes for which a new trial should be granted in criminal cases. 2 R. S. 1876, p. 409.

In that section, neither " accident or surprise," nor " newly-discovered evidence," was specified as a cause for which new trials should be granted in criminal cases. In the Revised Statutes of 1881 the criminal code of this State, as it had theretofore existed, was very materially amended and enlarged, so much so that whereas the code of 1852 contained only 173 sections, there are 323 sections in the criminal code of 1881, in force since September 19th, 1881.

In the enactment of section 267 of the criminal code of 1881 (section 1842, *supra*), specifying the causes for which new trials must be granted in criminal cases, the Legislature has increased the number of such causes by adding to those mentioned in section 142, of the criminal code of 1852, all the causes for which new trials may be granted in civil actions, enumerated in section 559, *supra*, except the "*fourth*, excessive damages," and the "*fifth*, error in the assessment of the amount of recovery," etc. When the *third* and *seventh* clauses of section 559, *supra*, prescribing causes for new trials in civil actions, were adopted and enacted by the law-making power as the *sixth* and *eighth* clauses of section 1842, *supra*, enumerating the causes for which new trials must be granted in criminal cases, all the laws and usages of this State, statutory or otherwise, relating to pleadings or practice not inconsistent with the provisions of the criminal code

of 1881, so far as the same might operate in aid thereof or supply any omitted case, were continued in force. Section 1900, R. S. 1881. We do not doubt, therefore, that it was incumbent on the defendant, in the case under consideration, to sustain the *third* and *fourth* causes above quoted, assigned by him in his motion for a new trial, by affidavit showing their truth. It would seem, indeed, that his learned attorneys were of the same opinion, for the clerk of the court below has copied into the transcript now before us a number of affidavits which were apparently filed in support of the motion for a new trial.

But the point is made by the State's attorneys, and, under our decisions, seems to be well made, that, as these affidavits were not made a part of the record either by a bill of exceptions or by an order of court, they can not be considered here in support of defendant's motion for a new trial or for any purpose. There is no reference in the motion for a new trial to any affidavits, and those which the clerk has copied in the transcript were not filed below with the motion, nor until nearly a week after the filing thereof. It may be regarded as settled by our decisions, that such affidavits do not constitute any part of the record on an appeal to this court, either in criminal or civil causes, unless they are made such by a bill of exceptions or by an order of the trial court. Section 650, R. S. 1881; *Fryberger* v. *Perkins,* 66 Ind. 19; *Williams* v. *Potter,* 72 Ind. 354; *Powers* v. *State,* 87 Ind. 144; *Harrison School Tp.* v. *McGregor,* 96 Ind. 185; *Shields* v. *McMahan,* 101 Ind. 591; *Kleespies* v. *State,* 106 Ind. 383.

We are of opinion, therefore, that the questions arising under defendant's motion for a new trial, so ably and elaborately discussed by his counsel, are not so saved in or presented by the record now before us as that they can be considered or decided here. Every presumption is indulged here in favor of the ruling of the trial court, and unless the record affirmatively shows that such ruling was erroneous, we are bound to conclude, as we do in the case in hand, that

there was no error in the ruling complained of. *Myers* v. *Murphy*, 60 Ind. 282; *Becknell* v. *Becknell*, 110 Ind. 42; *Stewart* v. *State*, 111 Ind. 554; *Whisler* v. *Lawrence*, 112 Ind. 229; *Kernodle* v. *Gibson*, 114 Ind. 451.

The error assigned by defendant upon the overruling of his motion in arrest, is not discussed by his counsel. Under the settled practice of this court, the error in such ruling, if any, is thereby waived. But there was no error in the court's refusal to·arrest judgment on the verdict. The indictment was sufficient, we think, to withstand a motion to quash, and was clearly good when assailed, as it is, after trial and verdict thereon, only by the motion in arrest.

Upon the evidence, the defendant was rightfully convicted and punished, and the record presents no error which requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Nov. 27, 1888.