Filed March 14, 1889.

---

No. 14,565.

## JONES v. THE STATE.

CRIMINAL LAW.—*Evidence.—Objection.—Waiver.*—By failing to object to a competent question the adverse party does not waive his right to move to strike out the answer, or such part of it as may be incompetent.

SAME.—*Motion to Strike Out Evidence.*—It is not error to overrule a motion to strike out evidence where part of the evidence embraced in the motion is competent.

SAME.—*Rape.—Good Character of Defendant.—Examination of Witnesses.*—In

a prosecution for rape, it is proper to refuse to permit a witness, who testifies to the defendant's good character, but who admits on cross-examination that he has heard charges against him, to be asked, on re-examination, if he ever heard any of his neighbors say that they believed the defendant was guilty of any outrage in a blackberry patch.

SAME.—*Conviction of Assault and Battery under Indictment for Rape.*—A defendant may be convicted of assault and battery under an indictment charging him with having committed a rape.

From the Fayette Circuit Court.

*R. Conner, H. L. Frost* and *G. C. Florea,* for appellant.

*L. T. Michener,* Attorney General, *C. Roehl, J. M. McIntosh, D. W. McKee* and *J. I. Little,* for the State.

ELLIOTT, C. J.—The appellant was charged in the indictment upon which he was tried with the crime of rape, but was convicted of assault and battery.

A question was asked the principal witness for the State, which was not objected to, and it is insisted that as no objection was interposed to the question the appellant had no right to move to strike out the answer of the witness. This is an untenable position. The question was in form and substance a proper one, and, of course, could not have been successfully assailed, so that an objection would have been unavailing. The appellant, therefore, did not lose the right to move to reject the answer by failing to object to the question. Where the question is a competent one and the answer incompetent, the correct practice is to move to strike out the answer. If all of it is incompetent, then the motion should go to the entire answer, or if only part is incompetent, then the motion should be to strike out that part. *Gould* v. *Day,* 94 U. S. 405; *Barnes* v. *Ingalls,* 39 Ala. 193.

Much, if not all, of the answer of the witness was competent, and the trial court did not err in refusing to entertain the motion to reject. It is well settled that it is not error to overrule a motion to strike out evidence where part of the evidence embraced in the motion is competent. Counsel must sift the incompetent from the competent and not

impose that work upon the court. *Day* v. *Henry*, 104 Ind. 324; *City of Terre Haute* v. *Hudnut*, 112 Ind. 542, and cases cited; *Pape* v. *Wright*, 116 Ind. 502; *St. Louis, etc., R. W. Co.* v. *Hendricks*, 48 Ark. 177 (3 Am. St. Rep. 220).

The trial court did right in refusing to permit a witness, who testified to the good character of the appellant, but admitted on cross-examination that he had heard charges against him, to be asked, on re-examination, this question: " Did you ever hear any of his neighbors say that they believed he was guilty of any outrage in a blackberry patch? "

A defendant may be convicted of assault and battery under an indictment charging him with having committed a rape. *Mills* v. *State*, 52 Ind. 187; *Richie* v. *State*, 58 Ind. 355; *State* v. *Lindsey*, 19 Nev. 47 (3 Am. St. Rep. 776).

Judgment affirmed.

