Siple *v.* State.

---

## SIPLE *v.* THE STATE.

[No. 19,074. Filed May 29, 1900.]

| | |
|---|---|
| 154 | 647 |
| 155 | 575 |
| 155 | 597 |
| 155 | 697 |
| 154 | 647 |
| 157 | 385 |
| 157 | 462 |

CRIMINAL LAW.—*Homicide.—Administering Poison.—Indictment.*— An indictment for murder by administering poison need not allege that the deceased had no knowledge that the substance administered to him by defendant was poison. *p. 649.*

SAME.—*Indictment.—Verdict.—Conviction.*—Where the second count of an indictment charged defendant with murder in the first degree, and the verdict found him guilty " as charged in the second count of the indictment," the finding was a sufficient conviction of murder in the first degree. *p. 649.*

SAME.—*Indictment.—Verdict.—Conviction.*—When a verdict finds a defendant guilty in a case where the indictment charges an offense involving minor offenses, and does not specify the particular offense, it will be deemed a finding of guilty of the highest offense charged. *pp. 649, 650.*

APPEAL AND ERROR.—*Evidence.—Record.*—Where the determination of a question on appeal depends upon the evidence, it cannot be considered unless all of the evidence given in the case is contained in the record. *p. 650.*

SAME.—*Evidence.—Bill of Exceptions.*—A bill of exceptions containing the recital " this is all the oral evidence in the above entitled cause " does not show that it contains all the evidence given in the cause. *p. 650.*

CRIMINAL LAW.—*Evidence.—Admissions of Third Persons.*—A defendant on trial will not be permitted to show that another person admitted that he committed the crime, and the fact that the person referred to was jointly indicted with defendant for the same offense, and had been tried and convicted, does not change the rule. *pp. 650, 651.*

APPEAL AND ERROR—*Record.—Court Rules.*—An assignment in a motion for a new trial that the court erred in refusing to permit defendant to recall a witness to enable him to correct an error in his testimony will not be considered on appeal, where the page and line of the record containing the ruling is not pointed out. *p. 651.*

SAME.—*Affidavits.—New Trial.—Record.—Criminal Law.*—Unless the affidavits filed in support of a motion for a new trial in a criminal case are made a part of the record by bill of exceptions they cannot be considered on appeal. *p. 651.*

PRACTICE.—*Evidence.—Offer to Prove.—Appeal and Error.*—No question is presented on the ruling of the court in excluding the answer to a question propounded to a witness, where the offer to prove was not made until after the objection to the question was sustained and an exception reserved. *pp. 651, 652.*

From the Daviess Circuit Court.  *Affirmed.*

*V. R. Greene, T. H. Dillon, J. H. Spencer* and *W. D. Curll,* for appellant.

*W. L. Taylor,* Attorney-General, *W. E. Cox, Merrill Moores* and *C. C. Hadley,* for State.

MONKS, J.—The indictment was in four counts, each charging the appellant and John Cline with murder in the first degree, by administering poison to one Franklin P. Smith. He was found guilty, as charged in the second count of the indictment, and his punishment assesed at imprisonment for life, and, over a motion for a new trial, judgment was rendered upon the verdict.

The errors assigned call in question the action of the court in overruling appellant's motion to quash the second count of the indictment, and appellant's motion for a new trial.

The objection to the said count is that it is too uncertain, vague, and indefinite to charge a public offense, in that it does not charge that "Smith, the deceased, was ignorant of what he received, nor that he did not receive it voluntarily, nor that he did not voluntarily swallow it." It was not necessary to the sufficiency of said count to allege that the deceased had no knowledge that the substance administered to him by appellant was poison. Said second count is substantially a copy of the indictment, which was sustained in *Snyder* v. *State*, 59 Ind. 105. See also Gillett's Crim. Law, (2nd ed.), p. 418; *Epps* v. *State*, 102 Ind. 539, 542; *Bechtelheimer* v. *State*, 54 Ind. 128. Said count charges appellant with the murder of Franklin P. Smith, by administering poison, and is sufficient under §1977 Burns 1894, §1904 R. S. 1881 and Horner 1897, and the court did not err in overruling the motion to quash said count.

Appellant insists that the verdict is insufficient for the reason that it does not state the degree of murder of which he is found guilty. The second count of the indictment charged appellant with murder in the first degree, and the verdict found him guilty "as charged in the second count of the indictment." The verdict, therefore, found appellant guilty of murder in the first degree, because that was the crime charged. *Kennedy* v. *State*, 6 Ind. 485, 486; *Frolich* v. *State*, 11 Ind. 213.

Moreover, it is settled law in this State that when a verdict finds a defendant guilty in a case where the indictment charges an offense involving minor ones, and does not specify the particular offense, it will be deemed a finding of guilty of the highest offense charged. *Rose* v. *State*, 82 Ind. 344, 345, and cases cited. It follows that, even if the verdict had found the appellant guilty, omitting the words "as

charged in the second count of the indictment," and assessed his punishment at imprisonment for life, the same would be deemed a finding of guilty of murder in the first degree, because that was the highest offense charged in said count.

Appellant, by his counsel, argues that the verdict is contrary to the evidence. It is manifest that the determination of this question depends upon the evidence, and cannot be considered unless all the evidence given in the cause is contained in the record. *Guenther* v. *State,* 141 Ind. 593, 595, and cases cited. It is recited in the bill of exceptions that "this is all the oral evidence in the above entitled cause." As there may have been other evidence than oral evidence given in said cause, the bill of exceptions does not show that it contains all the evidence given in said cause. Gillett's Crim. Law, §998; Ewbank's Manual, §30, p. 39. Therefore, this court cannot consider or pass upon the question, whether or not the verdict is contrary to the evidence. *Guenther* v. *State, supra,* p. 595; *Royse* v. *Bourne,* 149 Ind. 187, 191.

During the trial and at the proper time appellant offered to prove by a competent witness that within six hours after the death of Franklin P. Smith, one John Cline said to the witness, in talking about the death of said Smith: "I am the man who gave him the dose that turned up his toes, I always carry it right in here;" and as he spoke he pointed to an inside vest pocket. The evidence was excluded, and said action of the court is specified as a cause for a new trial. It is settled beyond controversy that a defendant on trial cannot be permitted to show that a third person has admitted that he committed the crime. 14 Am. Dig., (Cent. ed.) Col. 1647, 1648, §981; Gillett's Col. & Ind. Ev. §227, and case cited in note 2; Wharton's Crim. Ev. (9th ed.) §225 on p. 176; *Bonsall* v. *State,* 35 Ind. 460; *Jones* v. *State,* 64 Ind. 473, 484, 485; *Smith* v. *State,* 9 Ala. 990; *Snow* v. *State,* 58 Ala. 372, 54 Ala. 138; *West* v. *State,* 76 Ala. 98; *State*

v. *Evans,* 55 Mo..460; *Davis* v. *Commonwealth,* 95 Ky. 19, 23 S. W. 585, 44 Am. St. 201. The fact that the John Cline mentioned was jointly indicted with appellant for said offense, and had been tried and convicted before the trial of this cause, can in no way change the rule. The court did not err, therefore, in refusing to admit said evidence.

It is assigned as a cause for a new trial that the court erred in refusing to permit appellant to recall one Fleming, a witness for appellant, to enable him to correct an error in his testimony. The error in said testimony and the correction desired are fully set forth in the motion for a new trial, and an affidavit of said Fleming in support of said cause for a new trial is copied into the transcript by the clerk. Counsel for appellant have not called our attention to the page and line of the bill of exceptions where it is shown that he asked permission to recall said witness, or that the court made any such ruling as the one complained of. The rules of this court require the party asserting that a ruling of the trial court is erroneous to point out the page and line of the record where the same may be found; and it has been uniformly held by this court that if this rule was not complied with, the court would not search the record to find such ruling, even if erroneous. *State* v. *Winstandley,* 151 Ind. 495, 501, 502, and cases cited.

Neither have appellant's counsel pointed out the place in the record where the affidavit of said Fleming is contained in a bill of exceptions. In a criminal case, unless affidavits filed in support of a motion for a new trial are made a part of the record by a bill of exceptions, they cannot be considered on appeal, although copied into the transcript by the clerk. *Graybeal* v. *State,* 145 Ind. 623, and cases cited.

Appellant complains of the exclusion of evidence offered by him, the same being specified as the tenth and eleventh causes for a new trial. The bill of exceptions shows that in each instance appellant's counsel propounded a question to the witness to which the State objected; and the court

sustained the objection to which the appellant excepted. Then followed an offer to prove, refusal of the offer, and an exception by appellant. It is established in this State that such procedure raises no question as to the admissibility of the proposed testimony. The reason therefor is fully stated in *Gunder* v. *Tibbits,* 153 Ind. 591, 607, 608. See also *Deal* v. *State,* 140 Ind. 354, 371; *Whitney* v. *State, ante,* 573.

Newly discovered evidence is assigned as a cause for a new trial, but as the affidavits filed in support thereof are not made a part of the record by a bill of exceptions, there is nothing in the record to sustain said cause for a new trial. *Graybeal* v. *State,* 145 Ind. 623.

Finding no available error in the record the judgment is affirmed.