## ZOBOROSKY *v*. STATE OF INDIANA.

[No. 22,399. Filed October 8, 1913.]

1. RAPE.—*Indictment.—Sufficiency.—Motion to Quash.—Arrest of Judgment.*—An indictment charging that defendant unlawfully touched the person of a named female, in a rude, insolent and angry manner, with the unlawful and felonious intent then and there to ravish her, she being a child under 12, at least contained a good charge of assault and battery and was therefore not subject to a motion to quash which was addressed to the indictment as a whole and based on the ground that the facts

stated do not constitute a public offense, nor was there any error in overruling a motion in arrest of judgment based upon the same grounds. p. 189.

2. RAPE.—*Indictment.—Age of Victim.—Recitals.*—An indictment under §2250 Burns 1908, Acts 1907 p. 85, charging that defendant unlawfully touched the person of a named female, in a rude, insolent and angry manner, with the unlawful and felonious intent to ravish her, she being a child under 12 years, to-wit: 10 years, etc., was not objectionable on the ground that the allegation as to age was merely a recital. p. 190.

3. RAPE.—*Indictment.—Allegations.—Age of Victim.*—In charging the commission of the offense upon the person of a female child, under §2250 Burns 1908, Acts 1907 p. 85, providing that whoever has carnal knowledge of a female child under sixteen years of age is guilty of rape, no particular form of allegation of the age of the female is required, nor is it necessary that the indictment shall follow the exact words of the statute as to the statement of her age, so that an indictment charging the offense upon a female child "then and there being under the age of twelve years, to-wit, ten years of age," etc., is not insufficient by the use of "twelve years" instead of "sixteen years." p. 190.

From the Newton Circuit Court; *Charles W. Hanley,* Judge.

Prosecution by the State of Indiana against Parmer Zoborosky. From a judgment of conviction, the defendant appeals. *Affirmed.*

*T. B. Cunningham* and *Fred G. Richmire,* for appellant.
*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

Cox, J.—Appellant was tried below by jury and convicted of an assault and battery upon the person of a female child, 10 years of age, with the intent to ravish and carnally know her. The only errors assigned in this court and not waived by failure to state propositions or points in support of them put in question the sufficiency of the facts stated in the indictment to constitute a public offense. This one question is raised both by motions to quash and in arrest of judgment. The indictment, omitting the caption, reads as follows: "The grand jurors of Newton County, in the State of In-

diana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of Newton, in the name and by the authority of the State of Indiana, on their oath present that one Parmer Zoborosky, late of said county, on the 17th day of August, 1912, at said county and state aforesaid, did then and there unlawfully touch the person of Edna Nichols in a rude, insolent and angry manner with the unlawful and felonious intent then and there to ravish and carnally know her, the said Edna Nichols, a female child then and there being under the age of twelve (12) years, to wit: ten (10) years of age, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.''

The indictment is drawn under the following provisions of the criminal code: ''Whoever perpetrates an assault or an assault and battery upon any human being, with intent to commit a felony, shall, on conviction, be imprisoned in the state prison,'' etc. §2240 Burns 1908, Acts 1905 p. 584, §352. ''Whoever unlawfully has carnal knowledge of a woman forcibly against her will or of a female child under sixteen years of age, * * * is guilty of rape, and on conviction shall be imprisoned in the state prison not less than two years nor more than twenty-one years: *Provided,* In cases where the female upon whom the crime is committed is a child under the age of twelve years, the punishment shall be imprisonment in the state prison for life.'' §2250 Burns 1908, Acts 1907 p. 85.

Counsel for appellant assail the indictment on the ground that it fails to set forth with that precision and certainty which the law requires the facts constituting the felony attempted or intended to be committed. If it should be conceded that the felony which, it is alleged, appellant possessed the intent to commit at the time he is alleged to have committed the assault and battery, is not sufficiently charged, it would not follow that error was

committed by the trial court in overruling either the motion to quash or the motion in arrest of judgment both of which are based on the ground that the facts stated do not constitute a public offense and were addressed to the indictment as a whole and not merely to that part charging the intended felony. The indictment contains a good charge of · assault and battery as that public offense is defined by §2242 Burns 1908, Acts 1905 p. 584, §354. Gillett, Crim. Law (2d ed.) §237. This alone saves it from overthrow by either of the motions directed against it. Gillett, Crim. Law (2d ed.) §240; *Greer* v. *State* (1875), 50 Ind. 267, 19 Am. Rep. 709; *McGuire* v. *State* (1875), 50 Ind. 284; *Stucker* v. *State* (1908), 171 Ind. 441, 84 N. E. 971.

But if this were not the rule, still we could not yield to the contention of appellant's counsel that the felony within the intent averred was not well charged. Relying on

2. *Axtell* v. *State* (1910), 173 Ind. 711, 715, 91 N. E. 354, counsel claim that the clause in the indictment, "the said Edna Nichols a female child then and there being under the age of twelve (12) years, to-wit: ten (10) years of age," is but a recital and not equivalent to a direct and positive averment of her age which was an issuable fact; and, it is claimed, that as this issuable fact is not directly and unequivocally alleged, the indictment is bad. But in *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819, this question was given thorough consideration by this court and *Axtell* v. *State, supra,* was expressly overruled in this particular. The indictment before us does not fail in the allegation of the age of the alleged victim of the offense. This form of allegation of age has been approved by this court in a similar case. *McClure* v. *State* (1888), 116 Ind. 169, 173, 18 N. E. 615. Gillett, Crim. Law (2d ed.) §727.

It is further contended by counsel that if the indictment is to be taken as directly averring the age of the child

3. alleged to be the subject of appellant's felonious intent it does not charge an intent to commit the felony

of rape as defined by statute for the reason that "twelve years" is used instead of "sixteen years," the statutory age of consent. We find no merit in the contention. No particular form of allegation of the age of the female is required. It is not necessary that the indictment shall follow the exact words of the statute, that at the time she was under sixteen years of age. The statute merely fixes a definite time in the life of womankind below which the crime of rape will be committed by sexual intercourse with them whether with their consent or without it, and an allegation which gives positive information of the age of the woman-child who is alleged to be the subject of the offense and that it was below the statutory limit of consent must be held sufficient. *State* v. *Burt* (1908), 75 N. H. 64, 71 Atl. 30, Ann. Cas. 1912A 232; *Inman* v. *State* (1898), 65 Ark. 508, 47 S. W. 558; *State* v. *Newton* (1876), 44 Iowa 45; *People* v. *Gardner* (1893), 98 Cal. 127, 32 Pac. 880; *State* v. *Fetterly* (1903), 33 Wash. 599, 74 Pac. 810; 17 Ency. Pl. and Pr. 653.

Finding no error in the record the judgment of the trial court is affirmed.

NOTE.—Reported in 102 N. E. 825. See, also, under (1) 22 Cyc. 412; 12 Cyc. 761; (2, 3) 33 Cyc. 1444.