LENKO *v.* STATE OF INDIANA.

[Nos. 25,557 and 25,558. Filed December 7, 1928.]

*Roe & Petersen* and *Anthony Filipiak,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

GEMMILL, J.—In each of these appeals, the appellant was charged in the criminal court by affidavit with the crime of rape on a female child under the age of sixteen years. In the first cause, it appears from the evidence that the girl was fourteen years old, and in the second cause she was ten years old. The girls were sisters.

The defendant entered a plea of not guilty to each affidavit. He waived a trial by jury. By agreement, the causes were consolidated for trial. He was tried by the court.

In each case, he was found guilty of assault and battery. In the first case, it was adjudged that he pay a fine of $25 and costs and that he be imprisoned at the Indiana State Farm for a period of six months; and, in the second, it was adjudged that he pay a fine of $200 and be imprisoned at the Indiana State Farm for a period of six months.

It is claimed by appellant that the court erred in overruling his motion in each case for a new trial. He contends that there being no evidence of assault and battery other than that which showed a complete crime of rape, the finding of the court was not sustained by sufficient evidence.

This court has held that a defendant may be convicted

of assault and battery under an indictment charging him with having committed a rape. *Mills* v. *State* (1875), 52 Ind. 187; *Richie* v. *State* (1877), 58 Ind. 355; *Jones* v. *State* (1889), 118 Ind. 39, 20 N. E. 634; *Gordon* v. *State* (1912), 177 Ind. 689, 98 N. E. 627. Assault and battery is included in the crime of rape and there may be a conviction of assault and battery only, even though the proof shows that the alleged rape was actually committed. *Richie* v. *State, supra;* Ewbank, Criminal Law §771. The evidence set out in his briefs shows that there was evidence to sustain the finding of the court that the defendant was guilty of assault and battery in each case. This court has decided in cases too numerous for citation that it will not weigh conflicting oral testimony.

The appellant says that the testimony of the ten-year-old girl should not have been received, because she did not understand the nature of an oath. The answers made by her to questions asked her do not sustain this contention. Her evidence was competent.

In the second case, it is urged that the evidence did not show that the crime was committed within the time fixed for the commencement of the prosecution by the statute of limitations. While it is true that the ten-year-old girl did not fix the date when the crime of which he was convicted was committed, it appears from her testimony, when considered with the testimony of two other witnesses, that same occurred within two years prior to the filing of the affidavit.

The court did not err at the close of the state's evidence in overruling the defendant's motion to find for the defendant. It has not been shown that the finding of the court was contrary to law. Some of the causes stated in the motions for a new trial are not presented and are therefore waived.

The judgment in each case is affirmed.