## Fisher *v.* State of Indiana.

[No. 13,916. Filed November 14, 1929. Rehearing denied February 21, 1930.]

*Oscar Jay,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

NICHOLS, J.—Criminal action charging rape and assault and battery. The affidavit was in two counts. The first count charged appellant with rape upon a female child under 16 years of age. The second count charged appellant with assault and battery upon the same person at the same place and time, and was based upon §2419 Burns 1926.

Appellant waived arraignment and entered a plea of not guilty. The cause was submitted to a jury for trial. After the jury had been sworn, and after the State had introduced its testimony and rested, the second count of the affidavit was dismissed over appellant's objection

and without his consent. The jury returned a verdict of guilty of assault and battery as charged in the first count of the indictment, and fixing his punishment at a fine of $1,000, and imprisonment in the county jail for four months. Appellant filed written motion asking that he be discharged, and no sentence imposed, for the reason that he had been once in jeopardy under the second count of the affidavit in which he was specially charged with the identical offense for which the verdict of the jury finds him guilty, and the second count having been dismissed by the court upon motion of the prosecuting attorney, over the objection of appellant, after he had been put in jeopardy thereon, and that he could not now be punished for the same offense. The motion was overruled, and judgment rendered in harmony with the verdict, from which this appeal.

The errors relied upon for a reversal are that the court erred in overruling appellant's motion that he be discharged and no sentence imposed, and that the court erred in pronouncing judgment on the verdict finding appellant guilty of assault and battery, after the count charging appellant with assault and battery had been dismissed by the State, without the consent of and over the objection of appellant, after jeopardy had attached and the State had rested its case.

Section 2313 Burns 1926, provides that in cases such as here the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or affidavit. It has been repeatedly held that an assault and battery is necessarily included in the crime of rape, and that one charged with rape may be convicted of assault and battery. *Richie* v. *State* (1877), 58 Ind. 355; *Mills* v. *State* (1875), 52 Ind. 187; *Jones* v. *State* (1889), 118 Ind. 39, 20 N. E. 634.

The assault and battery charged in the second count

of the indictment, of necessity, pertained to the same transaction as charged in the first count, under which appellant could be, and was, convicted of assault and battery. There was no need of a second count charging an assault and battery, for that offense was embraced in the first count. The second count was mere surplusage, and its dismissal did not in any way prejudice appellant's rights. The jury might lawfully convict him "of assault and battery as charged in count one of the affidavit," and the court did not err in refusing to discharge him.

Affirmed.