MARTIN *v.* THE STATE OF INDIANA.

[No. 29,644. Filed December 19, 1958. Rehearing denied February 3, 1959.]

*Ralph E. Brill,* and *N. George Nasser,* both of Terre Haute, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was charged by affidavit in two counts. Count one charged appellant with assault upon a child with intent to gratify his sexual desires, under §10-403, Burns' 1956 Repl. [Acts 1905, ch. 169, §354, p. 584, 1951, ch. 277, §1, p. 825.][1] The case was tried to a jury who found appellant "guilty of assault and battery as charged in count one of the affidavit." Appellant was sentenced by the court to one to five years' imprisonment in the Indiana State Reformatory. From this judgment appellant appeals.

In this case we are confronted by the facts that simple assault and battery is an offense included within the charge of assault and battery upon a child with intent to gratify the sexual desires of the offending person.[2]

By the expressed language of the verdict, and con-

---

1. "Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any child of the opposite sex or fondles or caresses the body or any part thereof of such child who is of the age of 16 years or under, with the intent to gratify the sexual desires or appetites of the offending person, or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one [1] year nor more than five [5] years." §10-403, Burns' 1956 Repl.

2. *Underhill* v. *State* (1921), 190 Ind. 558, 130 N. E. 225; *Zoborosky* v. *State* (1913), 180 Ind. 187, 102 N. E. 825; *Gordon* v. *State* (1912), 177 Ind. 689, 98 N. E. 627; *Jones* v. *State* (1889), 118 Ind. 39, 20 N. E. 634; *Richie* v. *State* (1877), 58 Ind. 355, *Fisher* v. *State* (1929), 91 Ind. App. 76, 186 N. E. 611.

struing the same most favorably to the accused, it must be considered that the jury found the appellant guilty of simple assault and battery within the charge stated in the first count of the affidavit.

Appellee cites the following cases as sustaining a contrary position: *Siple* v. *State* (1900), 154 Ind. 647, 649, 57 N. E. 544; *Rose* v. *State* (1882), 82 Ind. 344, 345; *Frolich* v. *The State* (1858), 11 Ind. 213, 214; *Kennedy* v. *The State* (1885), 6 Ind. 485, 486. In each of these cases there were included offenses and the jury by its verdict found the defendant "guilty as charged" in the affidavit or indictment. This court in each of the above cases held that the verdict must be construed as finding the defendant guilty of the greater charge.

However, the above cases are clearly distinguishable from the case at bar. In each of the above cases there was "no want of certainty" [*Kennedy* v. *The State, supra*] as to the offense for which the jury found the defendant guilty. In each case the affidavit or indictment expressly designated the crime with which the accused was charged and within which lesser offenses might be considered to exist and the verdict clearly and unequivocally, in each case, stated that the accused was guilty of the offense as charged. There was only one such offense. It was the greater offense charged. For this reason there was no want of certainty in such verdicts.

However, the circumstances are otherwise in the case at bar. Here the jury did not, in clear and concise terms, find the defendant "guilty as charged," or with "assault and battery with intent as charged." They found him guilty of assault and battery as charged. Assault and battery is an included offense with which appellant was charged. Here it

cannot be said with any degree of certainty that the jury found appellant guilty of any offense other than assault and battery. In the face of this ambiguity the verdict must be construed favorably to the accused, as finding him guilty of assault and battery.

Assault and battery is a misdemeanor. Therefore, under §9-1819, Burns' 1956 Repl. [Acts 1927, ch. 200, §1, p. 574], it was the duty of the jury and not the court to fix the amount of the fine and imprisonment imposed upon the appellant. *Shewmaker* v. *State* (1956), 236 Ind. 49, 52, 138 N. E. 2d 290. In this case the verdict classified the crime as a misdemeanor but fixed no penalty. Such a verdict is void. It was not enforceable for any purpose against the appellant. Therefore, the accused was not obligated to file a motion *venire de novo* to correct the verdict before the discharge of the jury. *West* v. *State* (1950), 228 Ind. 431, 92 N. E. 2d 852.

Also, in this case the competency of two girls age six to testify as witnesses was challenged. It is asserted that their testimony is necessary to prove the corpus delicti and therefore that a decision upon this issue is material to the granting of a new trial. It is true that children under 10 are incompetent, unless it appears that they understand the nature and obligation of an oath. §2-1714, Burns' 1946 Repl. However, in this case these children were carefully examined for the purpose of determining their competency. It is true that the children made conflicting statements when asked technical questions related to their competency, which questions they may well not have understood. However, they testified positively that they knew they should tell the truth and that they would be punished if they told a lie. In the light of this testimony the question of the competency was one

which of necessity must rest within the sound discretion of the court. *Tyrrel* v. *State* (1911), 177 Ind. 14, 15, 97 N. E. 14; *Simpson* v. *State* (1869), 31 Ind. 90. See also, *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649, 653. The court's decision will not be reversed unless a manifest abuse of discretion is shown. Such abuse of discretion does not appear in this case.

Judgement reversed.

Landis, C. J., Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 154 N. E. 2d 714.