Royse, Executor, *et al. v.* Leaming.

NO. 7218.

ROYSE, EX'R, ET AL. *v.* LEAMING.

EVIDENCE.—*Secondary.—When Admissible.—Attorney.—Declarations.*—On the trial of an action to obtain an entry of satisfaction of a judgment on the ground of the payment thereof, by one of the execution defendants, while an execution thereon was in the hands of the sheriff, to an attorney of record for the judgment plaintiff, who was also deputy-sheriff, the declarations and admissions of such attorney tending to show the payment of the judgment, or execution issued thereon, are admissible in evidence, when, at the time of such trial, both the attorney and said judgment defendant were dead. ELLIOTT, J., dissents.

From the Tippecanoe Circuit Court.

*J. M. Larue, F. B. Everett, H. W. Chase* and *F. S. Chase,* for appellants.

*G. O. Behm* and *A. O. Behm,* for appellee.

WOODS, J.—Suit by appellee to obtain entry of satisfaction of a judgment, on the ground that while execution was in the hands of the sheriff, Kirkpatrick, one of the execution defendants, had made full payment to one of the attorneys of record for the judgment plaintiffs.

Before the trial said attorney and the judgment defendant, who had made the alleged payment, had died. At the trial evidence was admitted of declarations and admissions by said attorney tending to show payment of said judgment, or of the execution issued thereon.

Whether this evidence was properly admitted, is the only question to which counsel for appellants have invited our attention.

We extract, in substance, so much of the bill of exceptions as is necessary and pertinent to be considered :

"The plaintiff then had sworn as a witness, David G. Smith, and offered to prove by him certain declarations made by one Z. M. P. Hand, one of the attorneys for the judgment plaintiffs, which declarations were not made in the

presence of any of said judgment plaintiffs. The defend-
ants objected because the proposed declarations were not
made in the presence of any of said plaintiffs for whom said
Hand was attorney, and because not made in connection
with any act done or receipt of money by said Hand ; but the
court overruled the objections, and allowed the witness to
testify, as follows :

" 'Colgrove was sheriff. I came in as his successor, Au-
gust 25th, 1869, and received from him the execution issued
on the judgment in question. Colgrove, acting by Mr.
Hand, his deputy, had levied the writ on Kirkpatrick's real
estate, as shown by the endorsement in Hand's handwriting.
Before that time I had been deputy for Colgrove and so had
Hand. Hand told me he had full control of this writ him-
self ; that there was no need of seeing Mr. Ensminger about
it; that he was the attorney for the plaintiffs, and would en-
dorse on the execution an order for its return. He said he
was attorney and as much deputy as I was. He said to me
and young James Colgrove, that we need give ourselves no
uneasiness about this writ, as that matter was settled and he
would order that writ returned. I had frequent conversa-
tions with him. Hand acted as my deputy after I came into
office. I don't recollect how long ; think not to exceed two
months, although he may have been more. Hand said I
need not give myself any uneasiness, as that matter was fully
settled. I never saw any money paid on the writ. Neither
Ensminger nor any other of the judgment plaintiffs were
present at any of these conversations. Hand told me that
he had endorsed the writ and returned it. I spoke one day
about going to see Mr. Ensminger about this execution when
Hand said, 'You have troubled me enough about this mat-
ter ; that is settled, and I will order the writ returned.'

"The record of the judgment, and the execution and en-
dorsements thereon, were put in evidence. Besides the
levy, the following were the endorsements on said writ :

'Sheriff will return this writ, March 14th, 1870.' Signed, 'Z. M. P. Hand, Pl'ff's Att'y.' 'As above ordered, I therefore return this writ, March 14th, 1870.' Signed, 'D. G. Smith, Sh'ff, J. H. Godman, Dep'ty.'

"It was admitted that the writ was found in a pigeon-hole in the sheriff's office and not returned, or the return recorded in the clerk's office, until long after the return day of the writ."

If the action of the court in admitting this testimony can be upheld, it must be on the ground that the declarations in question were secondary evidence, receivable only because of the death of the person who made them. Upon this subject the following language is found in 1 Greenleaf Evidence, sec. 147 :

"This class embraces not only entries in books, but all other declarations or statements of facts, whether verbal or in writing, and whether they were made at the time of the fact declared or at a subsequent day. But, to render them admissible, it must appear that the declarant is deceased; that he possessed competent knowledge of the facts, or that it was his duty to know them ; and that the declarations were at variance with his interest. When these circumstances concur, the evidence is received, leaving its weight and value to be determined by other considerations." See, also, 1 Greenl. Evi., secs. 148–155.

The same doctrine is recognized and illustrated by Wharton, in his Laws of Evidence, vol. 1, secs. 226–237.

We think all the circumstances required by the rule as laid down concurred to make admissible the declarations which are shown to have been received in this case.

The declarant, Hand, as attorney for the execution plaintiff and as deputy sheriff, having charge of the writ, was under a duty to know, and, it may fairly be presumed, did know the facts ; and his declarations, if they tended to show, as under the circumstances it is apparent they did tend to show,

payment of the execution to him, were clearly against his interest, both as attorney responsible to his client, and as deputy sheriff responsible to his principal, for a proper application of the money ; and of his death there is no question.

But counsel for appellants insist that the admission of the declarations complained of was in violation of section 772 of the code of practice, which defines the authority of attorneys of record as follows, namely :

"Sec. 772. An attorney has authority until discharged or superseded by another.

"*First.* To bind his client in an action or special proceeding by his agreement, filed with the clerk, or entered upon the minutes of the court, and not otherwise.

"*Second.* To receive money claimed by his client in an action or special proceeding, during the pendency thereof or afterward ; and upon the payment thereof, and not otherwise, to discharge the claim, or acknowledge satisfaction of the judgment."

It is claimed under this statute, that an attorney can acknowledge satisfaction of a judgment upon payment only, and that by "upon payment" is meant "immediately upon or in connection with the payment."

It must be admitted that the declarations proven in this case were not shown to have been made at the time of any payment, and, if payment is inferred from the declarations themselves, it was a payment made at some undefined time before the making of the declarations. If, however, the declarations had been shown to have been made upon or in connection with the receipt of money by Hand from Kirkpatrick, they would have been primary evidence, admissible, doubtless, as a part of the *res gestæ*, explanatory of the receipt, and this whether Hand had been alive or dead.

It is not upon this ground at all that we sustain the action of the lower court. Indeed, the fact that Hand was an at-

torney of record for the execution plaintiffs is not the turn-
ing point in the question or discussion. The fact is impor-
tant only as it shows his knowledge of the facts, or his duty
to know them, and an interest on his part adverse to his ad-
missions or declarations. Indeed, had he not been attorney
at all, but only a deputy-sheriff, under the circumstances
shown, we do not perceive why, under the rule, his declara-
tions would not have been equally admissible.

Judgment affirmed, with costs.

ELLIOTT, J., dissents.

Petition for a rehearing overruled, HOWK and ELLIOTT, JJ., dis-
senting.