[No. 10,714.—In Bank.]
Jan. 24, 1882.

## THE PEOPLE *v.* D. W. MILNE.

CHILD-STEALING—INFORMATION—DUPLICITY.—The information charged the defendant and another with the crime of attempting to take and entice away two children under the age of twelve years, with intent to detain and conceal them from a person having their lawful custody; and it was objected, that the information charged two offenses, and that there was no such crime as an attempt to take and entice away a child. *Held:* The objections were not well taken.

ID.—ID.—ID.—A person may by a single act endeavor to accomplish two or more criminal results. In such a case there can be no doubt that if the indictment sets forth the act and the intent to commit the two or more offenses according to the fact, it will not be open to the objection of duplicity. There is but one attempt, though the object aimed at is multifarious.

APPEAL from a judgment of conviction, and from an order denying a new trial, and an order denying a motion in arrest of judgment, in the Superior Court of Lake County. HUSON, J.

*Robert Ashe*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

The COURT:

The defendant and another were accused by the District Attorney of the crime of attempting to take and entice away two children under the age of twelve years, with intent to detain and conceal them from a person having their lawful custody. The defendant Milne demurred to the information, which demurrer was overruled; and after a separate trial he was convicted. Two points are presented on this appeal, viz.:

1. That the information charges two separate offenses, in

that the defendants were accused of an attempt to take and entice away two children; and,

2. There is no such crime as an attempt to take and entice away a child.

We do not think that either point is well taken. The offense of child-stealing is pointed out and defined in Section 278, Penal Code; the commission of the offense does not consist in the number, whether one or more, but in the act and intent constituting an attempt. It was the *attempt* for which the defendant was prosecuted, not the consummation. The attempt was but a single fact, though it may have embraced several steps and may have included in its object more than one person.

"A count in an indictment, charging an endeavor or conspiracy to procure the commission of two offenses, is not bad for duplicity, because the endeavor is the offense charged." (Whart. Cr. Pl. and Pr., § 253; *R.* v. *Bykerdike,* 1 Moo. & R. 179.)

A person may, by a single act, endeavor to accomplish two or more criminal results. "In such a case," says Mr. Bishop, "there can be no doubt that if the indictment sets forth the act, and the intent to commit the two or more offenses, according to the fact, it will not be open to the objection of duplicity. There is but one attempt, though the object aimed at is multifarious." (Bishop's Cr. Proc. 570. See *King* v. *Fuller,* 1 Bos. & Pul. 180; 2 Leach, 3d ed., 916.)

As to the second point made by appellant, an answer is found in Section 664, Penal Code.

Judgment affirmed.