94   595
126   509

[No. 20895.    Department Two. — May 28, 1892.]

## THE PEOPLE, RESPONDENT, v. GEORGE HALL, APPELLANT.

CRIMINAL LAW — BURGLARY — INFORMATION — INTENT TO COMMIT GRAND AND PETIT LARCENY — SINGLE OFFENSE. — An information charging a defendant with entering a dwelling-house with intent " to commit grand and petit larceny," sufficiently conforms to the requirements of sections 950, 951, and 952 of the Penal Code, and charges but one offense.

ID. — INTENT NEED NOT BE CONSUMMATED — DOUBLE INTENT. — The wrongful entry of a house with intent to commit grand or petit larceny, or any felony, constitutes burglary, and the offense is complete when the entry is made, whether the intent be afterwards consummated or not. An entry with intent to commit two or more felonies constitutes but one burglary.

ID. — CONJUNCTIVE ALLEGATION OF INTENT — ALTERNATIVE PROOF. — Under an information for burglary, charging an intent to commit grand and petit larceny, the prosecution need only prove that the defendant entered the building with the intent to commit grand or petit larceny.

ID. — EVIDENCE — DECLARATION OF GUILT BY ANOTHER. — Upon a prosecution for burglary, where it was shown that the defendant and another person were arrested for the offense, and that the other person was mortally wounded while trying to escape, the refusal of the court to allow evidence to be introduced by the defendant to show that the wounded man, when dying, told the physician that he himself was the guilty party, and that the defendant was innocent, is not error, whether the evidence be considered as a dying declaration or as a confession.

ID. — DYING DECLARATIONS. — Dying declarations are admissible in evidence only where the death of the deceased is the subject of the trial, and the circumstances of the death are the subject of the declaration.

ID. — HEARSAY EVIDENCE. — In a prosecution for crime, the declaration of another person that he committed the crime is not admissible. Proof of such declaration is mere hearsay evidence, and is always excluded, whether the party making it be dead or not.

ID. — TRIAL — REMARKS OF PROSECUTING ATTORNEY. — The remarks of a prosecuting attorney to the jury, in a criminal action, challenging the attorney for the defendant to explain the facts and circumstances of the case upon any other hypothesis than that of guilt, and to give his version of the offense, cannot be said to be improper or prejudicial.

ID. — AMENDMENT OF INSTRUCTION. — The trial court has the right to amend an imperfect instruction, and its action in making the amendment is not error, if, when given as amended, the instruction states the law correctly.

ID. — MISLEADING INSTRUCTION AS TO MEASURE OF PROOF — REASONABLE DOUBT. — Upon the trial of a defendant for burglary, an instruction to the jury, to the effect that the facts that the defendant was found in possession of the property stolen, and was arrested, and while under arrest fled, or attempted to flee, were not sufficient to warrant the finding him guilty, nor even to raise in the minds of the jury a strong presumption of guilt, and that the defendant could not be found guilty, "except upon the most conclusive proof" that he committed the crime alleged, is properly refused as misleading and erroneous. The "most conclusive proof" is not required, but only that which satisfies the minds of the jurors beyond a reasonable doubt.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order denying a new trial.

The facts are stated in the opinion.

*C. M. Head,* for Appellant.

*Attorney-General Hart, Deputy Attorney-General Layson,* and *District Attorney Hopkins,* for Respondent.

BELCHER, C. — The defendant was convicted of the crime of burglary of the second degree, and sentenced to imprisonment in the state prison for the term of ten months; and the appeal is from the judgment and an order denying a new trial.

The charging part of the information was as follows: "The said George Hall, on or about the twenty-eighth day of June, 1891, in the said county of Yolo, state of California, then and there being, did willfully, unlawfully, and feloniously enter a certain dwelling-house,

which said dwelling-house was then and there the property of one Joseph Glide, with intent then and there to commit grand and petit larceny," etc.

The defendant demurred to the information, on the ground, — 1. That it did not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code, in that it did not contain a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what was intended, and also in that it could not be ascertained therefrom what offense was charged; and 2. That it did not conform to the requirements of section 954 of the Penal Code, in that it charged two offenses, namely, an entry with intent to commit grand and petit larceny.

The demurrer was overruled, and appellant contends that the ruling was erroneous, because the information, in effect, charged the commission of two burglaries.

Under our statute, every person who enters any house with intent to commit grand or petit larceny, or any felony, is guilty of burglary. (Pen. Code, sec. 459.) The wrongful entry, with intent to commit any of the crimes referred to, constitutes the offense, and it is complete when the entry is made, whether the intent be afterwards consummated or not. An entry may be made with intent to commit two or more felonies, but that would constitute only one burglary. (*People* v. *Milne*, 60 Cal. 71.) If another crime were actually committed, then for that another and separate charge should be made.

In our opinion, the information conformed to the requirements of the code, and charged but one offense. The demurrer was therefore properly overruled.

Appellant also contends that if the information was good, still, in order to justify a conviction, the prosecution should have proved an intent to commit both grand *and* petit larceny. The evidence is not brought up in the record, and it therefore cannot be ascertained what the proofs in this regard were. The bill of exceptions only states that witnesses were sworn and examined on

the part of the prosecution, and "testimony was intro-
duced tending to establish the guilt of said defendant."
It will be presumed, therefore, that the evidence was
sufficient to justify the verdict.   But in our opinion, the
prosecution needed only to prove that defendant entered
the building with intent to commit grand *or* petit lar-
ceny.

It was proved that defendant and one Kingsberry were
arrested for the alleged burglary at the same time and
place and by the same persons, and that while under
arrest they attempted to escape and were fired upon and
wounded by one of their captors; that a physician was
then sent for to treat their wounds, and that Kingsberry
died from the effects of his wounds before any complaint
was filed against either of the parties.   In his own be-
half, the defendant offered to prove, that after a careful
examination, the physician was satisfied that Kings-
berry's wounds were necessarily fatal, and that he so in-
formed him at the time; that Kingsberry admitted to
the physician that he fully realized "that he was mor-
tally wounded and was on the point of death, and had
given up all hope of ever getting well; that he was con-
scious of death; and that thus having a sense of impend-
ing death, and without hope of reward, he made a full,
free, and complete confession to said physician in rela-
tion to this alleged crime, stating that he himself had
planned the entire scheme, and that said Hall had noth-
ing to do with it, and was not connected with the guilt,
and was in all respects innocent of any criminal act or
intent in the matter."

This evidence was objected to by the prosecution and
excluded by the court, and the ruling is assigned as
error.

It is claimed that the evidence was admissible as a
dying declaration, or if not as such, then as a confession
of guilt of one of the parties to the alleged crime.

The code provides that "the act or declaration of a
dying person, made under a sense of impending death,
respecting the cause of his death," may be given in evi-

dence in a criminal action. (Code Civ. Proc., sec. 1870, subd. 4.) The rule, however, goes no further than to make the declaration admissible where the death of the deceased is the subject of the trial, and the circumstances of the death are the subject of the declaration. (Wharton's Crim. Ev., 9th ed., sec. 288.) "Dying declarations are restricted to the act of the killing, and to the circumstances immediately attending it and forming a part of the *res gestæ.*" (*People* v. *Fong Ah Sing,* 64 Cal. 253.) As the declaration offered in evidence here had no relation to the death of the deceased, it was clearly inadmissible as a dying declaration.

And as a confession, the evidence was equally inadmissible. The rule is settled beyond controversy, that in a prosecution for crime, the declaration of another person that he committed the crime is not admissible. Proof of such declaration is mere hearsay evidence, and is always excluded, whether the person making it be dead or not. (Wharton's Crim. Ev., 9th ed., sec. 225; *Greenfield* v. *People,* 85 N. Y. 75; 39 Am. Rep. 636; *Snow* v. *State,* 58 Ala. 372; *Lyon* v. *State,* 22 Ga. 400; *Kelly* v. *State,* 82 Ga. 444.)

The point is made that the district attorney, in his closing argument to the jury, was allowed to go beyond the bounds of propriety, and thereby to prejudice the defendant. He said: "In my opening argument, I challenged Mr. Head (counsel for defendant) to explain the facts and circumstances of the case upon any other reasonable hypothesis than that of guilt. He did not attempt any explanation. If there had been any other theory on earth by which the circumstances of this case could be explained, Mr. Head would have advanced that theory and called your attention to it." And again: "There is no theory on the face of the earth, the possession of all this property, and trying to escape from these officers, that he can advance or has advanced." Counsel for defendant objected to these remarks, on the ground that the defendant was not called upon to explain anything. And he went on to argue that the burden

never shifted on the defendant, but that he came before the jury with every presumption of innocence, and neither he nor his counsel was under any obligation to furnish any evidence in his behalf; that the remarks were harmful, because their tendency was to shift the burden on the defendant, which the law did not permit.

The court overruled the objection, and the defendant reserved an exception.

In making its ruling, the court stated, in substance, that the defendant was not bound to offer any testimony in his own behalf, and that the burden of proof was never shifted on the defendant; that the jury could not take into consideration the fact that the defendant had not produced himself as a witness, and had not produced any witnesses, but that they were entitled to consider all the testimony before them; and it said: "If the evidence is criminating and not explained, I will allow the district attorney to comment on it."

We see no error in the ruling. The record shows that "the district attorney did not allude to or comment upon the fact that the defendant has not taken the stand in his own behalf, or failed to produce any witnesses to explain anything." The remarks complained of evidently had reference only to the testimony before the jury, and the inferences to be drawn therefrom. The attorney simply challenged the opposing counsel to explain the *facts proved*, and give his version of the offense; and in this there was nothing improper.

Appellant also contends that the court erred in amending, and giving as amended, three of the instructions asked by him, and in refusing to give one that he asked. It does not appear from the record what the amendments made were. The instructions are simply indorsed: "Given as amended"; and as given they state the law correctly. A court has a right to amend imperfect instructions, and when it does so, its action cannot be successfully complained of. (*Boyce* v. *California Stage Co.*, 25 Cal. 460; *People* v. *Dodge*, 30 Cal. 450.)

The instruction not given was properly refused. It

stated, in substance, that the facts that defendant was found in possession of the property recently stolen, and was arrested, and while under arrest fled, or attempted to flee, were not sufficient to warrant the finding him guilty, nor even to raise in the minds of the jury a strong presumption of guilt, and that defendant could not be found guilty "except upon the most conclusive proof" that he committed the crime alleged. This is not a correct statement of the law. The "most conclusive proof" is not required, but only that which satisfies the minds of the jurors beyond a reasonable doubt. If given, the instruction would have been misleading and erroneous.

We find no error in the record, and advise that the judgment and order be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.