## KEESLING, TREASURER, ET AL. *v.* POWELL.

[No. 18,206. Filed February 1, 1898.]

EVIDENCE.—*Hearsay Evidence.*—*Admissibility Of.*—*Tax Sales.*—*Action to Enjoin*—In the trial of an action to enjoin the sale of real estate for delinquent taxes, evidence by plaintiff that prior to the purchase of such property he was informed by the deputy treasurer, since deceased, that such taxes had been paid, was properly admitted.

From the Cass Circuit Court. *Affirmed.*

*Nelson & Myers,* for appellants.
*McConnell & Jenkins,* for appellee.

McCABE, J.—The appellee sued the appellants, treasurer, auditor, and commissioners of Cass county, to enjoin the sale of a certain described lot or piece of

real estate in Logansport, in said county, for alleged delinquent taxes, and to cancel said tax as the same stands charged on the duplicate, on the ground that the same had been paid. A trial of the issues joined resulted in a finding and judgment for the plaintiff, over defendant's motion for a new trial.

The refusal of a new trial is questioned by the assignment of errors, that being the only question presented by the appeal. The grounds of the motion for a new trial are that the finding is contrary to law and the evidence, and not supported by sufficient evidence, and error in the admission of certain evidence.

The evidence, the admission of which is complained of, was the testimony of the plaintiff, who, being about to purchase the lot in question, inquired of the deputy treasurer, one William H. Forrest, whether said taxes had been paid, and he answered that they had. This evidence of the mere declaration of the deputy treasurer, it is claimed, was mere hearsay, and not admissible. But it is conceded that at the time of the admission of the testimony of the plaintiff, detailing the declaration of deputy treasurer Forrest, that the declarant, Forrest, was dead. It is also objected that it was no part of the duty of the treasurer to tell people whether taxes were paid or not. And it is further objected that the public cannot be estopped by the declaration of its officials respecting the public revenues. But it is a mistake to suppose that the object of the testimony was to estop anybody. The issue on trial was whether the tax in question had been paid. There was no attempt to defeat the collection of the tax on any other ground than that it had been actually paid.

The evidence shows that the deceased deputy treasurer whose declarations were put in evidence had the requisite means of knowing whether the matter de-

clared was true.   It also appears that it would be against the interest of the deputy treasurer, who practically performed all the duties of the county treasurer, to admit or declare that these taxes had been paid if they in fact had not.   It might result in making the treasurer liable on his bond for the same, and the deputy liable to the treasurer, if in fact they had been paid to the deputy treasurer.   In *Royse, Exr.,* v. *Leaming,* 72 Ind., at p. 184, Woods, J., speaking for the court, said:   "If the action of the court in admitting this testimony can be upheld, it must be on the ground that the declarations in question were secondary evidence, receivable only because of the death of the person who made them.   Upon this subject the following language is found in 1 Greenleaf Evidence, section 147: 'This class embraces not only entries in books, but all other declarations or statements of facts, whether verbal or in writing, and whether they were made at the time of the fact declared or at a subsequent day.   But, to render them admissible, it must appear that the declarant is deceased; that he possessed competent knowledge of the facts, or that it was his duty to know them; and that the declarations were at variance with his interest.   When these circumstances concur, the evidence is received, leaving its weight and value to be determined by other considerations.' "   And in *Dean* v. *Wilkerson,* 126 Ind., at p. 340, Coffey, J., speaking for the court, said:   "It is to be observed that Thomas Wilkerson was dead and could not be produced in court as a witness on behalf of the appellee.   The declarations introduced in evidence were against the interests of Thomas Wilkerson, and related to a fact about which he possessed competent knowledge.   This constitutes one of the exceptions to the general rule upon the subject of hearsay evidence.   1 Greenleaf Ev., section 147; *Royse, Exr.,* v. *Leaming,* 72 Ind. 182.

"Mr. Greenleaf, Vol. 1, section 148, in discussing the admissibility of this class of evidence, says: 'The *ground* upon which this evidence is received, is the *extreme improbability of its falsehood.* The regard which men usually pay to their own interests is deemed a sufficient security, both that the declarations were not made under any mistake of fact, or want of information on the part of the declarant, if he had the requisite means of knowledge, and that the matter declared is true.'"

Following these decisions, as we do, there was no error in admitting the declarations of the deceased deputy treasurer in evidence.

As to the sufficiency of the evidence to sustain the finding, the case stands in all respects precisely the same as to the sufficiency of the evidence as the case of *Keesling* v. *Winfield, post,* 709, except that in this case the finding has the item of evidence consisting of the declaration of the deputy treasurer to support it, whereas in the case cited there was no such item of evidence. On the authority of that case, the finding is sufficiently supported by the evidence, and hence we cannot disturb it.

The circuit court did not err in overruling the appellants' motion for a new trial. Judgment affirmed.