ROYAL INS. CO., Limited, v. TAYLOR et al.

(Circuit Court of Appeals, Fourth Circuit. October 11, 1918.)

No. 1633.

1. EVIDENCE ⬉253(2)—CONFESSION OF COCONSPIRATOR.

In action on fire policy, confession of one who was convicted of burning property is not admissible against insured, on theory property was burned as part of a conspiracy, and confession was a declaration of insured's coconspirator, for confession was not made pending the conspiracy, or in furtherance of its purpose.

2. EVIDENCE ⬉253(1)—CONSPIRACY—DECLARATIONS AGAINST INTEREST.

Where insurer claimed that property was burned as result of conspiracy between insured and one who fired the property, latter's confession is not admissible against insured, in an action on the policy, on the theory it was a declaration against interest; the rule applying only to declarations against pecuniary interest.

3. INSURANCE ⬉658—ACTIONS—EVIDENCE.

Where insurer claimed that property was burned as a result of a conspiracy between insured and one who fired the property, latter's confession is not admissible against insured, in an action on the policy, on the theory that he was an accessory to the burning.

4. EVIDENCE ⬉317(2)—HEARSAY.

Mere hearsay as to declarations by a third person is not admissible in evidence.

5. APPEAL AND ERROR ⬉1066—HARMLESS ERROR—INSTRUCTION.

In action on fire policy, where there was no evidence property was incumbered or belonged to any one other than those insured, policy was prima facie evidence of their ownership; so an instruction refusing to submit the question whether property was incumbered, etc., was harmless, if erroneous, under Code W. Va., c. 125, § 64 (sec. 4818).

6. INSURANCE ⬉665(1)—FIRE INSURANCE—OWNERSHIP.

In action on fire policy, where there was no evidence property was incumbered or belonged to any one other than those insured, policy was prima facie evidence of their ownership.

7. APPEAL AND ERROR ⬉977(5)—REVIEW—NEW TRIAL.

Denial of motion for new trial cannot be reviewed on writ of error.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Benjamin F. Keller, Judge.

Action by J. S. Taylor and another against the Royal Insurance Company, Limited. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

George E. Price and Price, Smith, Spilman & Clay, all of Charleston, W. Va., and Steptoe & Johnson, of Clarksburg, W. Va., for plaintiff in error.

L. H. Kelly, W. E. Hines, and Van B. Hall, all of Sutton, W. Va., for defendants in error.

Before PRITCHARD and WOODS, Circuit Judges, and CONNOR, District Judge.

PRITCHARD, Circuit Judge. The defendant in error will hereinafter be referred to as the plaintiff, and the plaintiff in error will be referred to as the defendant; such being the relative positions the parties occupied in the court below.

This is an action of assumpsit brought by J. S. Taylor and A. E. Messenger against the Royal Insurance Company, Limited, of Liverpool, England, on a fire insurance policy for $5,200, issued by the defendant on the 24th day of August, 1915, on certain lumber of the plaintiffs on a lumber yard where there had been a mill located. The suit was originally brought in the circuit court of Braxton county, W. Va., and was removed on application of the defendant into the United States District Court for the Southern District of West Virginia, and the defendant set up defense that the policy in question had become void, and the plaintiffs could not recover, because the property insured was set fire to and burned on the 2d day of November, 1915, by one Jerry White, and that said White was moved, incited, hired, and procured to set fire to and burn said property by the plaintiff A. E. Messenger, with intent and design to injure and defraud the defendant.

It was also alleged that both of the plaintiffs had in the proof of loss sworn falsely that the fire did not originate by any act, design, or procurement on the part of the insured, or in consequence of any fraud or evil practice done or suffered by the insured. An amended specification or defense was afterward filed, which, in effect, set up that the property was burned on the 2d day of November, 1915, pursuant to a conspiracy entered into between the plaintiffs with each other and with Jerry White and one Ona Conrad to set fire to and destroy the property insured by the policy, and that it was burned by the said Jerry White in accordance with the plan of said conspiracy and while it was in existence. A trial by jury was had, and a verdict rendered in favor of the plaintiffs against the defendant for $5,334.28.

The case comes here on a writ of error. The assignments of error relate to the refusal of the court below to permit the introduction of certain evidence and the giving of plaintiffs' instructions Nos. 2, 3, and 4, except the tenth assignment, which relates to the court's refusal to set aside the verdict and award a new trial, on the ground that the verdict was contrary to the law and evidence.

By the first assignment of error it is contended that the court erred in its ruling upon the admissibility of the record of the criminal prosecution of State of West Virginia v. Jerry White. The court, in referring to this phase of the question, said:

"The record of the conviction of White was admitted for the purpose of showing that Jerry White was in the penitentiary, and was therefore disqualified as a witness under section 17 of chapter 152 of the West Virginia Code. Evidence was also admitted of the fact that Jerry White had admitted in the presence of a witness or witnesses that he had burned this property. The written confession of Jerry White was not admitted; it having been offered as a whole, and containing statements not germane to the question of White having burned the property, but containing statements prejudicial to plaintiffs in this case as to his being employed by them for that purpose. It seems to me quite clear that this written confession of Jerry White was inadmissible as a whole (which was the only way in which it was offered) for any purpose in this case. The defendant was undoubtedly entitled to show, and did show, that this property was intentionally burned; it was also entitled to show, if it could, by any proper evidence, that the insured (the plaintiffs in the case) had caused the property to be intentionally burned, and a volume of evidence, circumstantial in its nature, was introduced, which, coupled with the confession of White that he had burned the property, might well have induced the jury so to find, and there was abundant evidence to go to the jury upon the issue as to whether or not the plaintiffs were entitled to recover anything, and, if so, how much; but I am unable to see any view as to the admissibility of evidence in such a case, upon what theory the statement made by White that he had been hired by the plaintiffs to burn this property could be admissible."

It is insisted by counsel for the plaintiff that the record in the case of State of West Virginia v. Jerry White is not incorporated as part of the record of this court, and that therefore the court cannot determine as to what such record contains. This position is untenable, in view of the fact that this court entered an order, upon suggestion of diminution of the record, directing that same be sent up as addenda, and, as such, same is now part of the record in the case before us. Therefore, in passing upon the questions involved herein, we will treat the addenda as part of the record.

[1] It is urged by counsel for the defendant that there was a conspiracy entered into by the plaintiffs and Jerry White to defraud the defendant, in which it was agreed that White was to burn the property of the plaintiffs. It is contended by counsel for the defendant that, where a conspiracy has been formed, the declaration of a coconspirator in the absence of the others, made pending and in furtherance of its purpose, is competent as against the other parties to the conspiracy. However, this rule does not apply in view of the facts of the instant case. Here the alleged confession was not made pending the conspiracy, nor in furtherance of its purpose.

[2] It is insisted, however, that this evidence should have been admitted upon the theory that the declaration of White was contrary to his own interests. This rule only applies where the declaration is contrary to the pecuniary interests of the party making the same.

In the case of Donnelly v. U. S., 228 U. S. 243, 33 Sup. Ct. 449, 57 L. Ed. 820, Ann. Cas. 1913E, 710, the Supreme Court, in referring to this case, among other things, said:

"One of the exceptions to the rule excluding it is that which permits the reception, under certain circumstances and for limited purposes, of declarations of third parties made contrary to their own interest; but it is almost universally held that this must be an interest of a pecuniary character, and the fact that the declaration, alleged to have been thus extrajudicially made, would probably subject the declarant to a criminal liability is held not to be sufficient to constitute it an exception to the rule against hearsay evidence. So it was held in two notable cases in, the House of Lords—Berkeley Peerage Case (1811) 4 Camp. 401; Sussex Peerage Case (1844) 11 Cl. & Fin. 85, 103, 109, 8 Eng. Reprint, 1034, 1042—recognized as of controlling authority in the courts of England.

"In this country there is a great and practically unanimous weight of authority in the state courts against admitting evidence of confessions of third parties made out of court and tending to exonerate the accused. * * * West v. State, 76 Ala. 98, Davis v. Commonwealth, 95 Ky. 19 [23 S. W. 585, 44 Am. St. Rep. 201], and People v. Hall, 94 Cal. 595, 599 [30 Pac. 7], are precisely in point with the present case, in that the alleged declarant was shown to be deceased at the time of the trial. In West v. State the defendant offered to prove by a witness that he heard one Jones say on his deathbed that he had killed Wilson, the deceased. The Supreme Court sustained the ruling of the trial judge excluding the evidence. In Davis v. Commonwealth, the offer excluded was to prove by a witness that one Pearl confessed to him on his deathbed that he had killed the person for whose murder Davis was on trial. The Court of Appeals of Kentucky affirmed the conviction. In People v. Hall it appeared that defendant and one Kingsberry were arrested together for an alleged burglary, attempted to escape, were fired upon, and wounded by one of the captors; that a physician was sent for to treat them, and that Kingsberry died from the effects of his wound before any complaint was filed against either of the parties. 'In his own behalf the defendant offered to prove that after a careful examination the physician was satisfied that Kingsberry's wounds were necessarily fatal, and that he so informed him at the time; that Kingsberry admitted to the physician that he fully realized that he was mortally wounded and was on the point of death, and had given up all hope of ever getting well; that he was conscious of death, and that, thus having a sense of impending death, and without hope of reward, he made a full, free, and complete confession to said physician in relation to this alleged crime, stating that he himself had planned the entire scheme, and that Hall had nothing to do with it and was not connected with the guilt, and was in all respects innocent of any criminal act or intent in the matter.' This evidence was excluded, and the Supreme Court of California sustained the ruling, saying: 'The rule is settled beyond controversy that in a prosecution for crime the declaration of another person that he committed the crime is not admissible.' "

In the case of Fonville v. Atlanta & C. Air Line Ry. Co. et al., 93 S. C. 287, 75 S. E. 173, the court, among other things, says:

"The general rule that the records in criminal cases are not admissible in civil cases as evidence of the facts upon which a conviction was had is well settled. There are some exceptions, but the general rule is as stated, and it is founded upon sound principles, to wit, the want of mutuality, arising out of the fact that * * * the course of the proceedings and the rules of decision in the two courts are different. A higher degree of proof is required in criminal than in civil cases. 1 Gr. Ev. § 537; 7 Enc. Ev. 850; Miller v. Sou. Pac. R. Co., 20 Or. 285, 26 Pac. 70; Chamberlain v. Pierson, 87 Fed. 420, 31 C. C. A. 157."

It clearly appearing that these declarations were not against the pecuniary or proprietary interests of White, we think the case just cited is conclusive as to this point.

[3] It is further urged that the declarations, admissions, and confession of White were admissible upon the theory that plaintiffs were

accessories. In the case of Donnelly v. U. S., supra, the exception to the rule that evidence against the principal upon the trial of such accessory does not apply to civil trials, and only where one is on trial charged with a criminal offense, is clearly stated. Therefore this evidence was incompetent, under the rule as contended for by counsel for defendant.

[4] By the second assignment of error it is insisted that the court below erred in—

"refusing to permit the plaintiffs to prove by the witnesses Morrison, Cutlip, and Cherrington, from White's statements and admission to them, the details of the burning of the lumber, White's reason for burning the lumber, and the facts and circumstances surrounding the burning."

This evidence is purely hearsay, and, for the reasons already stated as to the admissibility of the written confession, we think that the ruling of the court below as respects admission of this testimony was eminently proper.

The seventh assignment of error is substantially the same as the first, and we have already disposed of the point involved therein.

[5, 6] By the eighth assignment of error it is insisted that the court below erred in giving to the jury plaintiff's instructions Nos. 2, 3, and 4. We think that the exceptions to instructions 2 and 3 are without merit, inasmuch as the judge clearly and explicitly stated the law applicable to the facts of this case. Therefore we do not deem it necessary to enter into a discussion of the same.

In instruction No. 4 the court instructed the jury as follows:

"The court instructs the jury that no specifications of defense having been filed by the defendant, charging or alleging that the property insured was not the property of both Taylor and Messenger, or charging or alleging that there was a lien or other incumbrance on the property insured, at the time the insurance was effected, or from that time until its destruction by fire, or charging or alleging that there was any change in the ownership of the property from the time the insurance was effected until the property was destroyed, no issue is raised in the case as to the ownership of the property specified in the policy of insurance sued upon."

Section 64 of chapter 125 of the Code of West Virginia (sec. 4818) is in the following language:

"To any declaration or count on a policy of insurance, whether the same be in the form prescribed by the sixty-first section of this chapter or not, and whether the action be covenant, debt or assumpsit, the defendant may plead that he is not liable to the plaintiff as in said declaration is alleged. But if in any action on a policy of insurance, the defense be that the action cannot be maintained because of the failure to perform or comply with, or violation of any clause, condition or warranty in, upon or annexed to the policy, or contained in or upon any paper which is made by reference a part of the policy, the defendant must file a statement in writing specifying by reference thereto, or otherwise, the particular clause, condition or warranty in respect to which such failure or violation is claimed to have occurred, and such statement must be verified by the oath of the defendant, his officer, agent or attorney at law, to the effect that the affiant believes the matter of defense therein stated will be supported by evidence at the trial."

We fail to find any evidence tending to show that the property burned was incumbered or did not belong to the plaintiffs. On the other

hand, we think it was clearly established that this was the property of the plaintiffs, and the jury passed upon that question. There not being sufficient evidence to sustain the contention of the defendant, the instructions, even though incorrect, would be harmless error. The policy which was introduced in evidence was prima facie evidence of the ownership of the same by the insured, and, as we have stated, there being no evidence to the contrary, the defendant was not entitled to have the jury consider this question; there not being sufficient evidence to show that White did the burning.

[7] The assignment of error which relates to the refusal of the court to set aside the verdict and award a new trial is without merit. We have discussed this phase of the question so often in the past, holding that the refusal to grant a motion for a new trial is not reviewable, that we do not deem it necessary to enter into a further discussion of this point.

For the reasons stated, the judgment of the court below is affirmed.