McGRAW *v*. HORN.

[No. 19,513. Filed June 6, 1962. Rehearing denied July 10, 1962. Transfer denied June 5, 1963.]

*Sydney L. Berger*, of Evansville, for appellant.

*Bamberger, Foreman, Oswald & Hahn*, of Evansville, for appellee.

PFAFF, J.—Appellant brought this action against appellee to recover damages for injuries received when the automobile in which she was riding and an automobile being driven by appellee were involved in a collision at the intersection of Madison Avenue and South Harlan Avenue in the city of Evansville, Indiana. The cause was originally filed in the Vanderburgh Probate Court and venued to the Posey Circuit Court. Trial by jury resulted in a verdict for the appellee and consistent judgment was entered thereon.

Alleged errors urged are the admission of certain evidence, the giving of appellee's instruction No. 17, and the failure to give appellant's instruction No. 4.

It appears from the evidence that at the time of the accident appellant was riding in an automobile driven by one Tommy Smith, who is not a party to this action nor was he a witness for either appellant or appellee at the trial. Appellant testified that she did not know of his whereabouts but heard that he had left the state and was living somewhere in the State of Michigan.

The evidence further reveals that a half hour or more after the accident the appellant and Smith were in the emergency room of the St. Mary's Hospital, a fairly large room, where a police officer talked with Smith. The officer testified that he could not say if appellant heard the conversation. Over appellant's ob-

jection, the police officer was permitted to testify as to the conversation with Smith to the effect that Smith said that he saw appellee's car approaching the intersection; that he did not see the Yield Right of Way sign; that he was unfamiliar with the neighborhood; and that he attributed that factor for his failure to see the sign. As a result of the officer's investigation, both at the scene of the accident and at the hospital, he issued a ticket to Smith for failure to yield right of way.

The basis of appellant's objection to the court's ruling is that the evidence was hearsay and inadmissible. The evidence contains statements by Smith, driver of the car in which appellant was riding, but who was not a party to this action. It is undisputed that these statements were made out of the immediate presence of and not heard by the appellant; that they were made long after the accident and therefore not part of the *res gestae*. Appellant further contends that the law of this state is clear that such hearsay statements made by a witness to an accident who was not a party is inadmissible as hearsay unless it comes within an exception to the hearsay rule.

In *Liberty Coach Co., Inc.* v. *Butts* (1956), 126 Ind. App. 515, 523, 132 N. E. 2d 149, this court said: "Generally speaking, the rights of an individual cannot be affected by written communications or statements of persons who act in an unofficial capacity in respect of matters to which he is a stranger. They are nothing more than hearsay and *res inter alios*. *Hegler* v. *Faulkner* (1894), 153 U. S. 109; *Bates* v. *Preble* (1894), 151 U. S. 149; *State* v. *Rozeboom* (1910), 145 Iowa 620, 124 N. W. 783. The reason being for this rule is the principle that unsworn written statements of living persons who may be produced in court as wit-

nesses are not admissible." The court also pointed out that if such statements were admissible cross-examination of the maker of the statements was not possible.

Even though right and justice prevailed, as appellee contends, such facts, however highly motivated they may be, do not liberalize the long established rules of admission of evidence.

It is stated in 20 Am. Jur., *Evidence*, §556, p. 467, as follows:

"An important exception to the hearsay rule is that which pertains to declarations against interest. The general rule is that a declaration against the interest of the person making it is admissible in evidence, notwithstanding its hearsay character, if the declaration is relevant and the declarant has died, become insane, or for some other reason is not available as a witness. On the other hand, declarations against interest are not admissible if the declarant is available as a witness. There is authority to the effect that the absence of a declarant from the jurisdiction does not render him unavailable within this rule. Furthermore, in order that such a declaration may be admitted in evidence, the statement must have been against the pecuniary or proprietary interest of the declarant. The fact that the declaration would probably subject the declarant to a criminal liability is not sufficient to render it admissible as against interest. In addition to the foregoing conditions, some authorities state that admissibility of a declaration against interest depends upon the declarant's knowledge of the facts stated and the absence of a motive on his part to falsify. The true test in reference to the reliability of the declaration is not whether it was made ante litem motam, as is the case with reference to some classes of hearsay evidence, but whether the declaration was uttered under circumstances justifying the conclusion that there was no probable motive to falsify. In fact, declarations against interest are generally

admitted without reference to the time at which they were made. The theory under which declarations against interest are received in evidence notwithstanding they are hearsay is that the necessity of the occasion renders the reception of such evidence advisable and, further, that the reliability of such declarations is generally to be depended upon since a person does not ordinarily assert facts which are against his own pecuniary interest. A declaration against interest is admissible notwithstanding the declarant is neither a party nor in privity with a party to the action."

With reference to the above quoted statement that the fact that the declaration would probably subject the declarant to a criminal liability is not sufficient to render it admissible as against interest, it is stated in the cumulative supplement to this work that: "However, a number of cases, and probably the modern trend, is to the contrary."

In 31 C. J. S., *Evidence*, §219, p. 962, discussing the nature of the interest of the declarant, it is stated: "Accordingly an unsworn statement of a third person is not admissible merely because it appears to have been against the interest of the declarant by subjecting him to a civil action or to a criminal prosecution." The cumulative pocket part cites cases where a penal interest was involved, some of which hold that a penal interest is sufficient to render the declaration admissible.

In the American Law Institute Model Code of Evidence, Rule 509, p. 255, Comment a., appears the following comment: "The great majority of decisions admit only declarations against pecuniary or proprietary interest. They definitely reject declarations against penal interest."

Where declarations of persons not parties to the action or witnesses at the trial are received they are

"generally considered a weak class of evidence, by reason of the fact that the party making them may not have clearly expressed his meaning, or may have been misunderstood, or the witness by unintentionally altering a few words of the expressions really used may give an effect to a declaration completely at variance with what the party did acutally say." The weight, however, is for the trier of the facts. *Culp et al.* v. *Wilson* (1893), 133 Ind. 294, 296, 32 N. E. 928.

In *Keesling, Treasurer, et al.* v. *Powell* (1898), 149 Ind. 372, 373, 49 N. E. 265, which was an action by appellee against the treasurer, auditor and commissioners of Cass County to enjoin the sale of certain real estate for alleged delinquent taxes, the issue was whether the taxes in question had been paid. Appellee was permitted to testify that before purchasing the property he inquired of a deputy treasurer, since deceased, whether the taxes had been paid and was assured that they had been. Our Supreme Court said:

"The evidence shows that the deceased deputy treasurer whose declarations were put in evidence had the requisite means of knowing whether the matter declared was true. It also appears that it would be against the interest of the deputy treasurer, who practically performed all the duties of the county treasurer, to admit or declare that these taxes had been paid if they in fact had not. It might result in making the treasurer liable on his bond for the same, and the deputy liable to the treasurer, if in fact they had been paid to the deputy treasurer. In *Royse, Exr.* v. *Leaming*, 72 Ind., at p. 184, Woods, J., speaking for the court, said: 'If the action of the court in admitting this testimony can be upheld, it must be on the ground that the declarations in question were secondary evidence, receivable only because of the death of the person who made them. Upon this subject the following language is

found in 1 Greenleaf Evidence, section 147: "This class embraces not only entries in books, but all other declarations or statements of facts, whether verbal or in writing, and whether they were made at the time of the fact declared or at a subsequent day. But, to render them admissible, it must appear that the declarant is deceased; that he possessed competent knowledge of the facts, or that it was his duty to know them; and that the declarations were at variance with his interest. When these circumstances concur, the evidence is received, leaving its weight and value to be determined by other considerations." ' And in *Dean* v. *Wilkerson*, 126 Ind., at p. 340, Coffey, J., speaking for the court, said: 'It is to be observed that Thomas Wilkerson was dead and could not be produced in court as a witness on behalf of the appellee. The declarations introduced in evidence were against the interests of Thomas Wilkerson, and related to a fact about which he possessed competent knowledge. This constitutes one of the exceptions to the general rule upon the subject of hearsay evidence. 1 Greenleaf Ev., section 147; *Royse, Exr.* v. *Leaming*, 72 Ind. 182.

" 'Mr. Greenleaf, Vol. 1, section 148, in discussing the admissibility of this class of evidence, says: "The *ground* upon which this evidence is received, is the *extreme improbability of its falsehood*. The regard which men usually pay to their own interests is deemed a sufficient security, both that the declarations were not made under any mistake of fact, or want of information on the part of the declarant, if he had the requisite means of knowledge, and that the matter declared is true." '

"Following these decisions, as we do, there was no error in admitting the declarations of the deceased deputy treasurer in evidence."

In view of the weakness of the class of evidence involved here and in view of the lack of decisions of

the courts of this State specifically outlining the limitations upon the admissibility thereof we feel that we should be most cautious in extending the situations under which it is admissible, particularly where there is no privity of estate between a party to the action and the declarant, and no other exception to the hearsay rule is involved. We adopt the view that to render such declarations admissible they must have been against the pecuniary or proprietary interest of the declarant and not merely such as would subject him to criminal action or a civil suit. We do not consider *Keesling, Treasurer, et al.* v. *Powell, supra*, to be contrary to this holding, for there the declaration was in effect a declaration of a receipt of money.

In our opinion the evidence was not admissible for another reason. Appellant testified that she did not know where the declarant Smith was, but had heard that he was in Michigan. Appellee, on whose behalf the evidence was offered, laid no further foundation for its admission. It was not shown that appellee did not know Smith's whereabouts or had made any effort whatsoever to procure his attendance or his deposition. In the absence of any showing of Smith's actual unavailability, it was error to admit testimony of his declarations made out of the hearing of appellant.

The court also admitted, over appellant's objections, a transcript of an affidavit and proceedings in a criminal case against Smith showing that he had entered a plea of guilty to a charge of failing to yield the right of way, which charge arose out of the accident involved here. The only ground urged in support of the admission of this evidence was that it was a declaration against inter-

est. For the reasons heretofore ascribed with reference to the admission of the testimony of the police officer, it was error to admit this exhibit in evidence.

In *Mead* v. *Wiley Methodist Episcopal Church* (1952), 23 N. J. Super. 342, 93 A. 2d 9, it is stated as follows:

> "The weight of authority in New Jersey and throughout the United States favors the rule that a judgment of conviction or acquittal, rendered in a criminal prosecution, cannot be shown in evidence in a purely civil action to establish the truth of the facts on which it is rendered. This rule is discussed in *Interstate Dry Goods Stores* v. *Williamson,* 91 W. Va. 156, 112 S. E. 301, 31 A. L. R. 261; 57 A. L. R. 504; *Schindler* v. *Royal Ins. Co.,* 258 N. Y. 310, 179 N. E. 711, 80 A. L. R. 1145; 130 A. L. R. 690; *Tennessee Odin Ins. Co.* v. *Dickey,* 190 Tenn. 96, 228 S. W. 2d 73, 18 A. L. R. 2d 1287, where numerous cases are cited in support thereof. See also *Sorbello* v. *Mangino,* 108 N. J. Eq. 292 (Ch. 1931).
>
> "In the jurisdictions where the judgment in the criminal action, founded upon a plea of guilty is admissible, it is on the theory that it is a confession, declaration or admission against interest *of the party.* 30 *Am. Jur., Judgments, supra,* and cases cited. In a civil action, the weight of authority supports the rule that a defendant cannot introduce evidence of the conviction of strangers for committing the act which caused the damage for which he is being sued. *Chamberlain* v. *Pierson,* 87 F. 420, 424 (C. C. A. 4, 1898) ; *Fonville* v. *Atlanta & c., Ry. Co.,* 93 S. C. 287, 292, 75 S. E. 172 (Sup. Ct. 1912) ; *Royal Ins. Co.* v. *Taylor,* 254 F. 805 (C. C. A. 4, 1918) ; *Illinois C. R. Co.* v. *Quirk,* 51 Ill. App. 607; 31 A. L. R. 268 (1893) ; *Seibold* v. *Welch,* 78 Ind. App. 238, 135 N. E. 258 (Ct. App. 1922); *Steel* v. *Cazeaux,* 8 *Mart.* 318, 13 *Am. Dec.* 288; 31 A. L. R. 270 (Sup. Ct. 1820) ; *Summers* v. *Rutherford* (Ct. App. Mo. 1917), not reported in State Reports, 195 S. W. 511, 513; *Bibbs* v. *Fidelity Health & Accident Co.* (Ct. App. Mo. 1934), not

reported in State Reports, 71 S. W. 2d 764; *Warren* v. *Pilot Life Ins. Co.*, 215 N. C. 402, 22 S. E. 2d 17 (Sup. Ct. 1939); *Castrique* v. *Imrie*, L. R. 4 H. L. 414, 5 *Eng. Rul. Cas.* 899, 912 (*House of Lords* 1870), (dicta); *Broom's Legal Maxims* (8th Ed.), pp. 748, 751. And this rule prevails even where the conviction was based upon a plea of guilty by the stranger. *True* v. *Citizens' Fund Mut. Fire Ins. Co.*, 187 Minn. 636, 246 N. W. 474 (Sup. Ct. 1933). As stated in the cases of *Weilbacher* v. *Rudlin, supra*:

" 'Contradictory statements by a witness may always be shown if a suitable foundation be laid therefore. . . . A vastly different situation would arise if it was sought to bind one by the declaration of another. *Faulkner* v. *Whitaker,* 15 Id. 438. . . .' "

In *Kelley* v. *Dickerson* (1938), 213 Ind. 624, 639, 13 N. E. 2d 535, our Supreme Court said:

"Appellant predicates other errors upon the ruling of the trial court in excluding additional evidence, concerning statements made by Miller in the absence of appellee, that after the collision, the car 'turned over three times.' The court held these statements were not admissible as a part of the *res gestae*. Proof of such declarations would be violative of the rule against the admissibility of hearsay evidence." See also 12 West's Indiana Law Encyclopedia, *Evidence*. §102, p. 535, and cases cited.

Appellee's instruction No. 17, given by the court over appellant's objections, concerned Smith's plea of guilty and the weight to be given it. Inasmuch as the evidence of such plea was improperly admitted it follows that it was error to give this instruction. While it is not clearly worded, as we understand the instruction, it ascribed to the plea a weight greater than that to which it was entitled, had it been admissible in evidence.

In view of the conclusions which we have reached, it is unnecessary to discuss the other alleged error presented by appellant, that is, the refusal of the court to give her requested instruction No. 4.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Kelley, P. J., Bierly, J., and Gonas, J., concur.

NOTE.—Reported in 183 N. E. 2d 206.