ROBERT W. TAGGART, SR. *v.* STATE OF INDIANA.

[No. 1276S459. Filed November 30, 1978.]

*Richard W. Maroc,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Taggart was convicted of two counts of murder at the conclusion of a jury trial, in the Jasper Circuit Court, on September 3, 1976. For the murder of Ivan Trajkovich, he was convicted of first-degree murder in the perpetration of a robbery and sentenced to life imprisonment. For the murder of Lillian Trajkovich, he was also convicted of first-degree murder in the perpetration of a robbery and sentenced to life imprisonment.

The sole issue presented for our review is whether a confession as to the murders in question, made by one William McCall, was erroneously excluded from evidence.

The facts necessary for a resolution of this issue are as follows. A typewritten statement, wherein William McCall confessed to the murders in question, and exonerated and exculpated appellant's involvement, was prevented from being introduced into evidence at trial. The court granted a motion in limine made by the state in relation to this statement.

Further, oral testimony of two state's witnesses, regarding the statement, was prevented from being introduced into evidence. State's witness James Slagley was prevented from being cross-examined regarding how McCall's statement originated. Another state's witness, Joyce Harris, was prevented from testifying regarding admissions made to her, by McCall, about both the authorship of the statement and of McCall's ill will toward decedents. After the state rested its case, appellant called William McCall as a witness. He was then examined outside the presence of the jury. In response to each question asked by appellant, McCall pleaded the Fifth Amendment. Appellant then restated all offers to prove, regarding McCall's confession and the other testimony relating to it.

According to appellant's offer to prove, the statement in question purported to be by William McCall, in which McCall acknowledged himself to be the instigator of the double murder and declared that appellant had no part in it. The statement, including its signature, was typewritten. James Slagley, son-in-law of the appellant, testified that the original statement was brought to him in prison by one King Smith. Smith purportedly then stated that McCall would sign the statement only if he first received five thousand dollars, and that McCall would repudiate the statement in court unless he had the money first. Slagley then made a typewritten copy of that original statement.

Appellant admits that Indiana precedent is against his claim of the admissibility of confessions by third persons. *Green* v. *State*, (1900) 154 Ind. 655, 57 N.E. 637; *Siple* v. *State* (1900) 154 Ind. 647, 54 N.E. 544; *Jones* v. *State*, (1878) 64 Ind. 473. These cases are in line with the common law rule that such third party confessions, or "declarations against penal interest," are inadmissible hearsay, and do not come within the hearsay exception of "declarations against pecuniary or proprietary interest." Appellant argues, however, that we should either abandon this rule, or

hold that its application to the present case violates due process of law under the authority of *Chambers* v. *Mississippi*, (1973) 410 U.S. 289, 93 S.Ct. 1038, 35 L.Ed.2d 297.

The Supreme Court held in *Chambers* that, "the hearsay rule may not be applied mechanistically," so as to defeat the ends of justice, thus violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id.*, 410 U.S. at 302, 93 S.Ct. at 1049, 35 L.Ed.2d at 313. The Court explicitly, however, refused to hold that every exclusion of "declarations against penal interest" is an inherent due process violation. *Id.*, 410 U.S. at 300, 93 S.Ct. at 1048, 35 L.Ed.2d at 311. Rather, the holding in *Chambers* was based on the particular facts and circumstances of the case, wherein the testimony excluded at trial "bore persuasive assurances of trustworthiness and thus was well within the basic rationale of the exception for declarations against interest." *Id.*, 410 U.S. at 302, 93 S.Ct. at 1049, 35 L.Ed.2d at 313. These circumstances were: the statements in *Chambers* were made spontaneously to a close acquaintance shortly after the murder occurred; the statements were corroborated by other evidence in the case, and; the statements were unquestionably against penal interest and self-incriminating. *Id.*, 410 U.S. at 300-1, 93 S.Ct. at 1048, 35 L.Ed.2d at 311-12. We thus believe that the holding in *Chambers* can be accepted within the existing common law relating to declarations against penal interest, as that common law is limited by the *Chambers* facts. *Accord, Pitts* v. *State*, (Fla App. 1975) 307 So.2d 473, *cert. dismissed*, (1975) 423 U.S. 918, 96 S.Ct. 302, 46 L.Ed.2d 273; *People* v. *Craven*, (1973) 54 Ill.2d 419, 299 N.E.2d 1; *Commonwealth* v. *Carr*, (1977) 77 Mass. Adv. Sh. 2312, 369 N.E.2d 970; *Thompson* v. *State*, (Miss. 1975) 309 So.2d 533, *cert. denied*, (1975) 423 U.S. 924, 96 S.Ct. 266, 46 L.Ed.2d 250; *Ragler* v. *State*, (1973) 18 Md. App. 671, 308 A.2d 671; *State* v. *Gardner*, (1975) 13 Wash. App. 194, 534 P.2d 140.

While appellant has also fully and ably argued that we abandon the common law rule of the general inadmissibility of declarations against penal interest, we decline to follow the other jurisdictions that have so abandoned the distinction between these declarations and declarations against pecuniary interest. "Declarations against interest," generally, is always a terminology used in the context of an attempt to admit evidence that is hearsay. *Cf. McGraw v. Horn,* (1962) 134 Ind. App. 645, 183 N.E.2d 206. With regard to third-party confessions, or "declarations against penal interest," we perceive good reasons for distrusting and disfavoring them, and for not carving out a new exception to the hearsay rule. As summarized in *Chambers, supra,* 410 U.S. at 299-300, 93 S.Ct. at 1048, 35 L.Ed.2d at 311:

> "Exclusion, where the limitation prevails, is usually premised on the view that admission would lead to the frequent presentation of perjured testimony to the jury. It is believed that confessions of criminal activity are often motivated by extraneous considerations and, therefore, are not as inherently reliable as statements against pecuniary or proprietary interest."

This view was further expressed, and illustrated within a factual setting, by the Florida Court of Appeals in *Pitts v. State, supra,* 307 So.2d at 486:

> "Although the rule here announced may appear at first blush to be harsh it is, like the hearsay rule itself, the product of common sense. Were admissions of guilt made by a party unavailable at the trial to cross-examination, whether as a result of absence or refusal to testify, held to be admissible in evidence at the trial of an accused then a veritable daisy chain of extrajudicial 'confessions' would be the inevitable result. The case sub judice is an excellent example. Had the alleged statements of Adams, while he refused to take the stand as a witness and testify, been admitted into evidence and believed by the jury then appellants would have been acquitted, never again subject to jeopardy. Then upon Adams being tried for the crimes for which appellants would have been acquitted their confessions would have been admissible in the Adam's trial; resulting, if believed by the jury, in acquittal. Under such circumstances, which are the logical result and not strained

fantasy, three persons would be acquitted of the crimes notwithstanding that each voluntarily confessed thereto. What, one asks rhetorically, happens to the public and the victims of crimes under such circumstances? Such cannot be the law of this State."

In the present case, it is easy to distinguish the statement of McCall in issue from the "persuasive assurances of trustworthiness" that characterized the statements in *Chambers*. There are, first of all, problems of foundation for admissibility of the statement. It is unsigned, purportedly a typed copy of an "original" version of McCall's confession, and would have been sponsored by James Slagley, who purportedly received it from King Smith, not McCall himself. Also, Slagley's testimony about the statement is that it would not be admitted to by McCall unless McCall was first paid five thousand dollars by appellant Taggart. Thus, the entire circumstances surrounding the origin of this "confession" are permeated with indicia of untrustworthiness. We hold that it was properly excluded from evidence as hearsay, and that such exclusion was not a violation of due process.

The judgment of the trial court is affirmed.

Given, C.J., Hunter, Prentice, JJ., concur.

DeBruler, J., concurs with opinion in which Prentice, J., concurs.

### CONCURRING OPINION

DeBruler, J.—In *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482, this Court held that out-of-court statements are not inadmissible as hearsay when the declarant is available at trial for cross-examination. Pursuant to this holding the McCall statement is correctly deemed hearsay because McCall, the declarant upon whose credibility the statement rested, was not available for cross-examination by the prosecution because McCall successfully asserted his privilege against self-incrimination when questions were put to him on the stand. This point is worthy of note even though the parties to this appeal agree that the statement was hearsay.

There is a strand running through Indiana cases as well as the Florida case of *Pitts* v. *State,* quoted from by Justice Pivarnik, which would indicate that there is an interest underlying the rule that confessions by third persons should be excluded when proffered by the defense which is unrelated to the right of cross-examination and therefore to present day hearsay considerations. However, it is not necessary to identify the precise interests served by the rule requiring the exclusion of confessions by third persons as it is quite evident on this record that the McCall statement was hearsay.

Prentice, J., concurs.

NOTE.—Reported at 382 N.E.2d 916.